UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JERMAINE MCLEAN,

                                    Plaintiff,
                                                        9:16-cv-0227
v.                                                      (BKS/TWD)

BRANDON SMITH, et al.,

                                    Defendants.
_____

APPEARANCES:                          OF COUNSEL:

JERMAINE MCLEAN
Plaintiff *pro se*
08-A-0386
Coxsackie Correctional Facility
P.O. Box 999
Coxsackie, NY 12051

HON. ERIC T. SCHNEIDERMAN            CHRISTOPHER J. HUMMEL, ESQ.
Attorney General for the State of New York   Assistant Attorney General
Counsel for Defendant
The Capitol
Albany, NY 12224


**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## REPORT-RECOMMENDATION AND ORDER

This *pro se* prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has

been referred to the undersigned for a report and recommendation by the Honorable Brenda K.

Sannes, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).

Currently pending before the Court is Defendants' motion to dismiss for failure to prosecute and

as a sanction pursuant to Federal Rules of Civil Procedure 41(b) and 37(d).  (Dkt. No. 19.)  For

the reasons that follow, the Court recommends that Defendants' motion be granted.

## I. PROCEEDINGS TO DATE

Plaintiff filed his complaint on February 24, 2016.  (Dkt. No. 1.)  At the time of the initiation of this action, Plaintiff was in the custody of the New York State Department of Corrections and Community Supervisions ("DOCCS"), and was incarcerated at Coxsackie Correctional Facility ("Coxsackie").  *Id.*

Upon a review of the complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A, the Court found that the complaint sufficiently alleged constitutional violations and required a response from Defendants.  (Dkt. No. 4.)  Within that Decision and Order, Plaintiff was advised of his obligation to maintain an updated address with the Court: "Plaintiff is required to promptly notify the Clerk's Office and all parties or their counsel of any change in his address; plaintiff's failure to do so may result in the dismissal of this action[.]"  *Id.* at 18.[1]

Defendants filed their answer on May 31, 2016.  (Dkt. No. 14.)  On June 1, 2016, the Court issued a mandatory pretrial discovery and scheduling order.  (Dkt. No. 15.)  On July 19, 2016, Defendants filed a status report notifying the Court that mandatory discovery was served on Plaintiff.  (Dkt. No. 17.)  To date, Plaintiff has not served mandatory disclosures.  (Dkt. No. 19-1 at ¶ 7.)

On August 24, 2016, mail sent to Plaintiff at Coxsackie was returned to the Court as undeliverable and the envelope had a notation indicating that Plaintiff was "released."  (Dkt. No. 18.)  According to information publically available on the DOCCS website, Plaintiff was released from DOCCS custody on August 4, 2016.  *See* http://nysdoccslookup.doccs.ny.gov (information obtained for DIN# 08-A-0386) (last visited May 1, 2017).

---

[1]  Page references to documents identified by docket number are to the page number assigned by the Court's CM/ECF electronic docketing system.  Paragraph references are used where a document contains consecutively numbered paragraphs.

Counsel for Defendants contacted Coxsackie to obtain the address Plaintiff provided to the facility in preparation for his release. (Dkt. No. 19-1 at ¶ 8.) The address that Plaintiff provided to the facility was Bellview Men's Shelter, 400 East 30th Street, New York, New York 10016 ("Bellview Men's Shelter"). *Id.*

On September 8, 2016, counsel for Defendants noticed the deposition of Plaintiff for October 13, 2016. *Id.* at ¶ 9. Counsel mailed copies of the notice of deposition to Coxsackie, Plaintiff's address on file, and to Bellview Men's Shelter, the address Plaintiff provided the facility upon his release. *Id.* Both copies of the notice of deposition were returned as undeliverable. *Id.* at ¶ 10. Plaintiff did not appear at his deposition scheduled for October 13, 2016. *Id.* at ¶ 11.

Defendants have now moved to dismiss the complaint for failure to prosecute and as a sanction for failing to appear for a deposition. (Dkt. No. 19.) Defendants served Plaintiff a copy of the pending motion to dismiss and supporting documents at both Coxsackie and Bellview Men's Shelter. (Dkt. No. 20.) Plaintiff was advised his response to the motion to dismiss was due by November 28, 2016. (*See* Dkt. No. 19.) Plaintiff has not filed his response, nor communicated with the Court seeking an extension of time in which to do so.

By Text Order entered December 6, 2016, the Court afforded Plaintiff one more opportunity to demonstrate an interest in pursuing this action. (Dkt. No. 21.) Specifically, Plaintiff was ordered to file a change of address and to respond to the pending motion to dismiss, if desired, by December 21, 2016. *Id.* Plaintiff was advised that failure to file a change of address may result in a recommendation that the action be dismissed for failure to prosecute and failure to follow Court orders. *Id.* Plaintiff was further advised that failure to file a response to the pending motion to dismiss would result in the Court considering the motion without input

from Plaintiff.  *Id*.  The Clerk forwarded a copy of the December 6, 2016, Text Order to Plaintiff at Coxsackie and Bellview Men's Shelter, both of which were returned as undeliverable on December 12, 2016, and December 27, 2016, respectively.  (Dkt. Nos. 22 and 23.)

As of the date of this Report-Recommendation, Plaintiff has not complied with the Court's December 6, 2016, Order or shown good cause why the action should not be dismissed for failure to prosecute and as a sanction.  In fact, Plaintiff's last affirmative act in this action was a letter filed March 23, 2016, requesting the status of this action.  (Dkt. No. 5.)

## II.    ANALYSIS

### A.    Failure to Prosecute

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, at its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the case or to comply with the procedural rules or orders of the court.  Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962).  This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases.  *Link*, 370 U.S. at 630-31; *Freeman v. Lundrigan*, No. 95-CV-1190 (RSP/RWS), 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996)[2].  It is also well-settled that the term "these rules" in Rule 41(b) refers not only to the Federal Rules of Civil Procedure, but also to the local rules of practice for a district court.  *See Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006).

The correctness of dismissing an action pursuant to Rule 41(b) is determined in light of five factors: (1) the duration of the plaintiff's failure to comply with the court order (or the court's procedural rules); (2) whether plaintiff was on notice that failure to comply would result

---

[2]  The Court will provide Plaintiff with copies of unpublished decisions cited in this Report-Recommendation and Order in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

in dismissal; (3) whether the defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Lucas v. Miller*, 84 F.3d 532, 535 (2d Cir. 1996) (citations omitted); *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009); *Davis v. Citibank, N.A.*, 607 F. App'x 93, 94 (2d Cir. 2015). In making use of this test, "[n]o one factor is dispositive, and ultimately [the court] must review the dismissal in light of the record as a whole." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). However, with regards to *pro se* litigants, Rule 41(b) dismissal "remains a harsh remedy to be utilized only in extreme circumstances," and *pro se* plaintiffs "should be granted special leniency regarding procedural matters." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted).

Considering the first factor, the Court notes that Local Rule 41.2(a) states that "the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." N.D.N.Y.L.R. 41.2(a). Here, Plaintiff has failed to take any action in this case for approximately eight (8) months. (*See* Dkt. No. 18.) Plaintiff was released from DOCCS custody on August 4, 2016. Since the time of such release, Plaintiff has not contacted the Court to advise of any change in his address, nor provided any alternative means by which to communicate with him. Plaintiff has not followed the Court's directives to file a change of address as required. (*See* Dkt. Nos. 4 and 21.) Further, Plaintiff has not responded to the present motion. Therefore, this factor weighs in favor of dismissal.

Regarding the second factor, "[t]he Second Circuit requires that the plaintiff receive adequate notice that the case could be dismissed due to inaction." *Folk v. Rademacher*, No. 00-

CV-199S, 2005 WL 2205816, at *4 (W.D.N.Y. Sept. 9, 2005) (citing *Martens v. Thomann*, 273 F.3d 159, 180-81 (2d Cir. 2001)).  As set forth above, Plaintiff has failed to contact the Court after being directed to do so by the Court.  (*See* Dkt. Nos. 4 and 21.)  Plaintiff was notified that his failure to do so may constitute grounds for dismissal of the action for failure to prosecute and failure to follow the Court's orders.  *Id*; *see, e.g.*, *Nolan v. Primagency, Inc.*, No. 07 Civ. 134 (RJS), 2008 WL 1758644, at *3 (S.D.N.Y. Apr. 16, 2008) ("The Second Circuit has held that where a court puts a plaintiff on notice that the court is considering dismissal, and a plaintiff fails to file a document explaining the failures and outlining why the action should not be dismissed, this element has been met.") (citing *Shannon v. General Elec. Co.*, 186 F.3d 186, 194-95 (2d Cir. 1999)); *Europacific Asset Mgmt. Corp. v. Tradescape, Corp.*, 233 F.R.D. 344, 353 (S.D.N.Y. 2005) ("A court's prior warning of dismissal, and subsequent inaction by a plaintiff, weighs in favor of dismissal.").  Thus, the second factor also weighs in favor of dismissal.

With respect to the third factor, "prejudice to defendants resulting from unreasonable delay may be presumed."  *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). Here, the fact that correspondence sent to Plaintiff by the Court and Defendants over the past six months have all been returned as undeliverable presents an obvious impediment to the case going forward.  Moreover, the events giving rise to Plaintiff's claims occurred in 2015, and Defendants have been unable to depose Plaintiff, nor obtain any discovery.  Further delay may well affect the parties' ability to locate witnesses, and to preserve evidence.  *See, e.g.*, *Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) (noting that passage of time would cause memories to fade).  Therefore, the third factor weighs in favor of dismissal.

As to the fourth factor, the Court finds that the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this case.  Plaintiff

has failed to advise the Court of his whereabouts and thus has demonstrated little interest in being heard. It is the need to monitor and manage cases such as this that delay the resolution of other cases and contribute to the Second Circuit's relatively long median time to disposition for such civil rights cases.

With respect to the fifth factor, the Court has carefully considered sanctions less drastic than dismissal and finds them to be inadequate. *See, e.g.*, *Jones v. Hawthorne*, No. 9:12-CV-1745 (GTS/RFT), 2014 WL 2533166, at *3 (N.D.N.Y. June 5, 2014) ("Without the ability to communicate with [the plaintiff] there is no meaningful way to procure his 'reappearance' to actively prosecute this action. Moreover, simply waiting for him to comply with his obligations has not been, and is not likely to be, fruitful, since he has failed to do so for some months now.") Plaintiff was released from DOCCS custody in August 2016, and his last affirmative act in this action occurred more than one year ago. (Dkt. No. 5.) In light of the fact that Plaintiff cannot be located, at this time there are no lesser sanctions that can effectively be imposed. As such, the Court finds that the fifth factor also weighs in favor of dismissal.

Weighing the above factors with the special solicitude that must be granted to *pro se*, the Court finds that dismissal is warranted in this case. Nevertheless, in light of Plaintiff's *pro se* status, it is recommended that the dismissal of this action be without prejudice.[3] *See, e.g.*, *Jones v. Hawthorne*, 2014 WL 2533166, at *2 (dismissing complaint without prejudice pursuant to Rule 41 for failure to prosecute where plaintiff was released from DOCCS custody and failed to provide the Court with an updated address); *Grace v. New York*, No. 10 Civ. 3853(LTS/GWG), 2010 WL 3489574, at *2 (S.D.N.Y. Sept. 7, 2010) (recommending dismissal for failure to

---

[3] Unless the dismissal order states otherwise, a dismissal pursuant to Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

prosecute without prejudice where *pro se* plaintiff could not be reached at the address he provided) (collecting cases).

**B.    Discovery Sanction**

Rule 37 of the Federal Rules of Civil Procedure provides that if an individual fails to appear at his own deposition after having received proper notice, the court may take various steps to sanction the disobedient party.  Fed. R. Civ. P. 37(d)(1)(A)(i).  Rule 37 also authorizes the court to dismiss an action for failure to comply with a discovery order.  Fed. R. Civ. P. 37(b)(2)(A)(v).  The imposition of sanctions under Rule 37 is within the discretion of the district court.  *Ferrer v. Fischer*, No. 9:13-CV-0031 (NAM/ATB), 2014 WL 5859139, at *2 (N.D.N.Y. Nov. 12, 2014).

Here, Defendants contend Plaintiff's complaint should also be dismissed pursuant to Federal Rule of Civil Procedure 37 because Plaintiff failed to submit to a deposition in violation of the Court's pretrial discovery and scheduling order.  (Dkt. No. 19-2 at 6-8.)  The Court agrees with Defendants.

As set forth above, the Court issued a mandatory pretrial discovery and scheduling order on June 1, 2016.  (Dkt. No. 15.)  In that Order, the Court granted Defendants leave to take Plaintiff's deposition.  *Id*. at 4.  Plaintiff was advised that "the failure of the plaintiff to attend, be sworn, and answer appropriate questions may result in sanction, including dismissal of the action pursuant to Fed. R. Civ. P. 37." *Id*.

As outlined above, Defendants noticed Plaintiff's deposition in this action and mailed copies of the notice to Coxsackie and to Bellview.  (Dkt. No. 19-1 at ¶¶ 3-5.)  However, both notices were returned as undeliverable.  *Id*. at ¶ 6.  Unsurprisingly, Plaintiff did not appear for the deposition scheduled for October 13, 2016.  *Id*. at ¶ 11.  Even though Plaintiff's failure to

appear may be attributed to his failure to apprise the Court of his current address (*see* Dkt. No. 19-1 at ¶¶ 3-6), "because all parties have an ongoing obligation to keep their addresses updated with both the Court and adversaries, such an explanation is irrelevant." *Pichardo v. Karandy*, No. 9: 10-cv-104 (MAD/CFH), 2012 WL 6924160, at *3 (N.D.N.Y. Sept. 12, 2012) (recommending dismissal of former prisoner's complaint pursuant to Rules 41 and 37 based upon plaintiff's failure to provide a current address and for failing to appear at his deposition), *adopted by* 2013 WL 252975 (N.D.N.Y. Jan. 23, 2013).

As such, the Court finds dismissal would also be an appropriate sanction under Rule 37 for Plaintiff's failure to attend his own deposition, as well as his failure to comply with other discovery related orders. *See Pichardo v. Karandy*, No. 9:10-cv-104 (MAD/CFH) 2013 WL 252975, at 2 n.2 (N.D.N.Y. Jan. 23, 2013) ("Since courts consider the same factors applicable to Rule 41(b) when considering dismissal pursuant to Rule 37[,] no additional analysis is necessary.") (collecting cases).

## III.    CONCLUSION

After reviewing Defendants' motion and the entire Docket Report, the Court finds that Plaintiff has exhibited an apparent unwillingness to participate in this litigation.  Indeed, it appears that Plaintiff has abandoned this action.  Because Plaintiff cannot be located or communicated with at his address of record, has failed to comply with his obligation to advise the Court and Defendants of any change in his address, has failed to comply with directions from the Court, and has failed to attend his own deposition and to participate in other discovery, the Court recommends granting Defendants' motion to dismiss without prejudice.

**ACCORDINGLY**, it is hereby

**RECOMMENDED** that Defendant's motion to dismiss (Dkt. No. 19) be **GRANTED** and this action be **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk serve a copy of this Report-Recommendation and Order on Plaintiff to his address on file and at Bellview Men's Shelter, 400 East 30th Street, New York, New York 10016, along with a copy of the unpublished decisions cited herein in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[4]  Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72.


Dated: May 1, 2017
      Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

---

[4] If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).

Freeman v. Lundrigan, Not Reported in F.Supp. (1996)

1996 WL 481534

1996 WL 481534
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Millicient FREEMAN, Plaintiff,

v.

Kevin LUNDRIGAN, C.O., Defendant.

No. 96–CV–1190 (RSP/RWS).
|
Aug. 22, 1996.

**Attorneys and Law Firms**

Millicient Freeman, Oriskany, NY, Pro se.

McLane and Smith, L.L.P., Utica, NY (Steven A. Smith, of counsel), for Defendant.

ORDER

POOLER, District Judge.

**\*1** By Order dated February 5, 1996 ("Order"), I approved the Order and Report Recommendation of Magistrate Judge Ralph W. Smith, Jr., dated October 5, 1995, and dismissed this action as against Daniel Middaugh, Michael Durant, Todd Egger, Robert Stanton and Daryl Bourant. *See* Dkt. No. 11.

A copy of the Order was served on Freeman at her last known address by regular mail on February 6, 1996. On February 12, 1996, the Order was returned to the Court marked "No Longer at This Facility Please Return to Sender." *See* Dkt. No. 12.

On June 19, 1996, Steven A. Smith, Esq., attorney for the defendant, filed an affidavit with the Court stating that he had attempted to serve a first set of interrogatories on Freeman at the address listed on the summons, and that it was returned to him by the Post Office marked "RTS" or return to sender. *See* Dkt. No. 14.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action or comply with any order of the court. *Link v. Wabash Railroad County Independent School District,* 370 U.S. 626 (1962). This power to dismiss an action

may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See Rodriguez v. Walsh,* No. 92 Civ 3398, 1994 WL 9688, *1 (S.D.N.Y. Jan. 14, 1994)* (citations omitted).

Additionally, this Court specifically cautioned Freeman that her failure "to promptly notify the Clerk's Office of any change in her address ... [would] result in the dismissal of the instant action." *See* Dkt. No. 3 at 7.

Moreover, a plaintiff has the duty to inform the Court of any address changes. As I have stated:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cty Corr. Facility,* No. 95 CV 1525, 1996 WL 172699, *1 (N.D.N.Y. Apr. 10, 1996)* (Pooler, J.) (quoting *Perkins v. King,* No. 84 3310, slip op. at 4 (5th Cir. May 19, 1985) (other citations omitted)); *see generally* Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York.

This matter cannot proceed without notification to the Court by Freeman of her current address. Therefore, it is hereby:

ORDERED, that this action is dismissed, *See* Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York, and it is further;

ORDERED, that the Clerk serve a copy of this Order on Freeman by regular mail at her last known address and on Steven A. Smith, Esq., attorney for the defendant.

**Freeman v. Lundrigan, Not Reported in F.Supp. (1996)**

1996 WL 481534

**\*2** IT IS SO ORDERED.

**All Citations**

Not Reported in F.Supp., 1996 WL 481534

**End of Document**

© 2017 Thomson Reuters. No claim to original U.S. Government Works.

2005 WL 2205816
Only the Westlaw citation is currently available.
United States District Court,
W.D. New York.

Wattie FOLK, Plaintiff,

v.

P. RADEMACHER, et al., Defendants.

No. 00-CV-199S.
|
Sept. 9, 2005.

**Attorneys and Law Firms**

Wattie Folk, Great Meadow Corr. Facility, Comstock, NY, pro se.

William Lonergan, New York State Attorney General's Office, Stephen F. Gawlik, Assistant Attorney General, Buffalo, NY, for Defendants.

DECISION AND ORDER

SKRETNY, J.

## I. INTRODUCTION

**\*1** Plaintiff commenced this action under 42 U.S.C. § 1983 on March 3, 2000, by filing a Complaint in the United States District Court for the Western District of New York. Presently before this Court is a Motion to Dismiss filed by the remaining defendants in this case-P. Rademacher, Sgt. Stachewiez, Lt. Hendel, W.Kelley, Hartman, Fleming, Booker, Piasa and Sgt. Baker ("Defendants")-on September 2, 2004. Defendants bring their motion pursuant to Rules 41(b) and 37(b) of the Federal Rules of Civil Procedure. This is the third motion filed by Defendants on these grounds. For the reasons stated below, Defendants' motion is granted and this case is dismissed with prejudice.

## II. BACKGROUND

This motion arises from a discovery ruling issued by the Honorable Hugh B. Scott, United States Magistrate Judge. On October 15, 2002, Defendants filed a Motion to Compel Plaintiff to respond to their First Set of Interrogatories because Plaintiff's initial response had been inadequate. On May 27, 2003, Judge Scott granted Defendants' Motion to Compel and directed Plaintiff to file appropriate interrogatory responses within twenty days. Despite being granted an extension of time in which to respond, Plaintiff failed to file his interrogatory response. As a result, on August 19, 2003, Defendants filed a Motion to Dismiss pursuant to Rules 41(b) and 37(b) of the Federal Rules of Civil Procedure.

On November 5, 2003, this Court denied Defendants' Motion to Dismiss after Plaintiff satisfactorily explained the reason he failed to comply with Judge Scott's Order. This Court granted Plaintiff an additional thirty days within which to file his response to Defendants' First Set of Interrogatories. Plaintiff filed and served his response to Defendants' First Set of Interrogatories on November 21, 2003. This response, however, was simply a photocopy of the response Plaintiff initially filed on August 29, 2002, the one Judge Scott found to be inadequate.

Consequently, Defendants filed a second Motion to Dismiss on December 19, 2003. Plaintiff filed a response in opposition. Therein, Plaintiff did not deny that he simply re-filed his initial interrogatory response. Rather, he argued that Judge Scott did not have dispositive jurisdiction, and therefore lacked the proper authority to find his initial interrogatory response inadequate. Further, Plaintiff argued that he did not fail to respond as Defendants alleged because he did indeed file a response.

On May 24, 2004, this Court denied Defendants' Second Motion to Dismiss. In doing so, however, this Court rejected Plaintiff's arguments and excuses for not complying with Judge Scott's Order. Nonetheless, because Plaintiff is proceeding *pro se,* this Court determined that granting the relief Defendants requested would be too drastic a measure at that stage of the litigation. See *Bobal v. Rensselaer Polytecnic Inst.,* 916 F.2d 759, 764 (2d Cir.1990) ( "dismissal with prejudice [under Rule 37] is a harsh remedy to be used only in extreme situations ..."). This Court warned Plaintiff that his lawsuit may be dismissed with prejudice if he did not file and serve appropriate responses to Defendants' First Set of Interrogatories within thirty days. *Cf. id.* at 764 (discussing that a court may dismiss an action brought by a *pro se* plaintiff if such plaintiff has been advised by the court that further non-compliance with a court order could result in dismissal of the case with prejudice).

**\*2** On June 17, 2004, Plaintiff filed a Motion to Extend the thirty-day response deadline. By Order filed July 7, 2004, this Court directed Defendants to provide Plaintiff with another copy of their First Set of Interrogatories, extended Plaintiff's deadline to respond to August 30, 2004, and warned Plaintiff that this was his final extension of time and that his failure to respond could result in his case being dismissed with prejudice. On August 13, 2004, Plaintiff filed his response to Defendants' First Set of Interrogatories.

On September 2, 2004, Defendants filed their instant Third Motion to Dismiss pursuant to Rules 41(b) and 37(b) of the Federal Rules of Civil Procedure. By Order filed October 7, 2004, this Court directed Plaintiff to file a response to Defendants' motion on or before October 29, 2004. On October 29, 2004, Plaintiff filed a Motion for Extension of Time to respond. By Order filed November 4, 2004, this Court extended Plaintiff's response deadline to November 29, 2004, and warned Plaintiff that his failure to file a response could lead to Defendants' motion being granted as uncontested. To date, Plaintiff has not filed a response to Defendants' motion.

## III. DISCUSSION

A. Dismissal under Rule 41(b) For Failure to Prosecute
This case first warrants dismissal based on Plaintiff's failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, which provides that:

> [f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

FED. R. CIV. P. 41(b).

Rule 41(b) does not define what constitutes failure to prosecute. However, the Second Circuit has stated that failure to prosecute "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." *Lyell Theatre Corp. v. Loews Corp.,* 682 F.2d 37, 42 (2d Cir.1982). Dismissal pursuant to Rule 41(b) falls within the court's discretion. *See id. at 42-43* ("the scope of review of an order of dismissal is confined solely to whether the trial court has exercised its inherent power to manage its affairs within the permissible range of its discretion"). It is, however, "a harsh remedy to be utilized only in extreme situations." *Harding v. Fed. Reserve Bank,* 707 F.2d 46, 50 (2d Cir.1983) (quoting *Theilmann v. Rutland Hosp., Inc.,* 455 F.2d 853, 855 (2d Cir.1972) (per curiam); *see also Chira v. Lockheed Aircraft Corp.,* 634 F.2d 664, 665 (2d Cir.1980) (discussing the sanction of dismissal for failure to prosecute as "pungent, rarely used, and conclusive"). This is particularly true in cases involving *pro se* litigants, where dismissal for failure to prosecute should only be granted "when the circumstances are sufficiently extreme." *Lucas v. Miles,* 84 F.3d 532, 535 (2d Cir.1996) (citing *Nita v. Connecticut Dep't of Envtl. Prot.,* 16 F.3d 482, 487 (2d Cir.1994)).

**\*3** The following factors, none of which is dispositive, must be considered in determining whether dismissal for failure to prosecute is warranted: (1) the duration of the plaintiff's failures, (2) whether the plaintiff received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether an appropriate balance has been struck between alleviating the court's calendar congestion and protecting the litigants' due process rights, and (5) whether lesser sanctions would be appropriate. *See United States ex rel. Drake v. Norden Sys., Inc.,* 375 F.3d 248, 255 (2d Cir.2004); *Nita,* 16 F.3d at 485; *Feurtado v. City of New York,* 225 F.R.D. 474, 477 (S.D.N.Y.2004) (quoting *Jackson v. City of New York,* 22 F.3d 71, 74 (2d Cir.1994)). In the present case, these factors weigh in favor of dismissal.

1. Duration of Failures
The relevant inquiry on this factor is twofold: (1) whether the plaintiff is at fault for failing to prosecute, and (2) whether the plaintiff's failures were of significant duration. *See Norden Sys.,* 375 F.3d at 255.

In this case, Plaintiff has failed in two ways. First, as noted above, Plaintiff has failed to respond to Defendants'

Third Motion to Dismiss, despite twice being directed by this Court to do so. Second, and more significant, Plaintiff has failed to adequately comply with Judge Scott's discovery Order of May 27, 2003. Plaintiff has been afforded numerous opportunities to file an appropriate response to Defendants' First Set of Interrogatories. This Court alone has twice extended Plaintiff the benefit of the doubt by denying two Motions to Dismiss for Plaintiff's failure to engage in discovery. While Plaintiff did, in fact, file a response to Defendants' First Set of Interrogatories on August 13, 2004, his response is wholly inadequate. Plaintiff's response contains multiple objections to Defendants' basic interrogatory requests and does not provide anything by way of meaningful discovery. In fact, no useful information whatsoever is contained in Plaintiff's response. Clearly, Plaintiff alone is responsible for repeatedly filing inadequate responses to Defendants' discovery request. As a result, Defendants still have not received any meaningful response to their interrogatory requests.

With respect to the second inquiry, which concerns the duration of Plaintiff's failures, it has been almost one year that Plaintiff has failed to file a response to Defendants' Third Motion to Dismiss. The delay caused by Plaintiff's failure to response to Defendants' interrogatory request is even more significant. Defendants filed and served their First Set of Interrogatories on August 17, 2001. It has thus been more than *four years* and Plaintiff still has not filed an adequate response. This is a failure of significant duration. Cf. *Chira,* 634 F.2d at 666-67 (delay of six months sufficient to warrant dismissal for failure to prosecute); *Antonios A. Alevizopoulos & Assoc., Inc. v. Comcast Int'l Holdings, Inc.,* No. 99 Civ. 9311, 2000 WL 1677984, at *2 (S.D.N.Y. Nov.8, 2000) (delay of four months warranted dismissal). Thus, this Court finds that this factor weighs in favor of dismissal. In this Court's view, all delay in this case is attributable to Plaintiff and it is of significant duration.

### 2. Notice of Dismissal

**\*4** The Second Circuit requires that the plaintiff receive adequate notice that the case could be dismissed due to inaction. *See Martens v. Thomann,* 273 F.3d 159, 180-81 (2d Cir.2001). In the present case, Plaintiff had adequate notice. First, both the initial Scheduling Order on Defendants' Third Motion to Dismiss and the Order granting Plaintiff's request for an extension of time warned Plaintiff that his failure to file a response as

directed could lead to Defendants' motion being granted as uncontested. Second, this Court's Decision and Order denying Defendants' First Motion to Dismiss explicitly stated that Defendants were free to seek dismissal of Plaintiff's Complaint if he failed to respond to the First Set of Interrogatories as directed. Moreover, this Court's Decision and Order denying Defendants' Second Motion to Dismiss warned Plaintiff that his failure to file appropriate responses to Defendants' First Set of Interrogatories could result in this action being dismissed with prejudice. Because Plaintiff was repeatedly put on notice that his case could be dismissed due to his continued inaction, this factor strongly weighs in favor of dismissal. *See Lyell Theatre,* 682 F.2d at 42-43 (Rule 41(b) dismissal upheld where plaintiff was warned by opposing counsel and the court that dismissal for failure to prosecute was possible).

### 3. Prejudice to Defendants

The third factor requires an inquiry into whether the defendant has been prejudiced by the plaintiff's inaction. "Prejudice to defendants resulting from unreasonable delay may be presumed, but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionately greater." *Lyell Theatre,* 682 F.2d at 43 (citations omitted). In *Lyell Theatre,* the court presumed prejudice where the plaintiff on numerous occasions failed to file documents as directed by the court. *Id.* at 39-40, 43. Similar to the present case, the plaintiff in *Lyell Theatre* continued to ignore the court's orders even after he had been warned that he was risking dismissal. *Id.* at 39. Under *Lyell Theatre,* the prejudice to Defendants in this case may be presumed. Thus, this factor weighs in favor of dismissal.

### 4. Balance between Calendar Congestion and Due Process Rights

The fourth factor requires the court to consider the balance between calendar congestion and the plaintiff's right to present his or her case. *See Norden Sys.,* 375 F.3d at 257. In this regard, " 'a court must not let its zeal for a tidy calendar overcome its duty to justice.' " *Feurtado,* 225 F.R.D. at 480 (quoting *Davis v. United Fruit Co.,* 402 F.2d 328, 331 (2d Cir.1968)). Plaintiff's failure to comply with Judge Scott's discovery order has resulted in this Court having to prepare and file numerous scheduling orders, as well as decide three separate motions to dismiss. While this has been a needless expenditure of judicial resources, this

Court cannot conclude that the overall effect on docket congestion has been significant.

**\*5** This Court notes, however, that Plaintiff has been afforded Due Process rights in that he has been provided numerous opportunities to comply with the Orders of this Court. Thus, Plaintiff's own failure to litigate this matter is not a denial of Due Process. *See Dodson v. Runyon,* 957 F.Supp. 465, 470 (S.D.N.Y.1997) ("any claim that plaintiff's due process rights were violated thus cannot prevail because the delay and resultant dismissal of plaintiff's case are of his own making"); *cf. Feurtado,* 225 F.R.D. at 480 (repeated failure to comply with court orders diminishes a plaintiff's right to present his claims). Accordingly, this factor also weighs in favor of dismissal.

### 5. Consideration of Lesser Sanctions
Finally, the Second Circuit requires district courts to consider whether lesser sanctions would sufficiently remedy any prejudice resulting from the plaintiff's inaction. *See Norden Sys.,* 375 F.3d at 257. Upon reviewing the entire record in this case, it is the opinion of this Court that Plaintiff has no intention of complying with this Court's Orders or properly litigating this case. Plaintiff has repeatedly ignored court orders by failing to file a response to Defendants' Third Motion to Dismiss and to Defendants' First Set of Interrogatories. Given the procedural history of this case, this Court finds that any sanction short of dismissal would be ineffective. *See Smith v. Human Res. Admin. of New York City,* 2000 WL 307367, at \*3 (S.D.N.Y. Mar.24, 2000) (finding lesser sanctions inappropriate where past court orders did not motivate the plaintiff to move the case forward); *Alevizopoulos,* 2000 WL 1677984, at 4 (finding lesser sanctions inappropriate based on repeated failures to comply with court orders). Thus, this final factor also weighs in favor of dismissal.

Accordingly, this Court finds that dismissal of this case is warranted under Rule 41(b) for Plaintiff's failure to prosecute.

### B. Dismissal under Rule 37(b) For Failure to Comply with Discovery Orders
"A district court may impose sanctions when 'a party ... fails to obey an order to provide or permit discovery.' " *Burns v. Imagine Films Entm't, Inc.,* 164 F.R.D. 594, 598 (W.D.N.Y.1996) (quoting FED. R. CIV. P. 37(b)).

Rule 37 of the Federal Rules of Civil Procedure, which concerns the discovery obligations of civil litigants, vests district courts with "broad power" and discretion to impose sanctions, including dismissal, on parties who fail to adhere to discovery orders. *See Friends of Animals, Inc. v. United States Surgical Corp.,* 131 F.3d 332, 334 (2d Cir.1997) (per curiam); *see also Jones v. J.C. Penney's Dep't Stores, Inc.,* 228 F.R.D. 190, 195 (W.D.N.Y.2005) (identifying dismissal of the action as an available sanction under Rule 37); *JSC Foreign Econ. Ass'n. Technostroyexport v. Int'l Dev. & Trade Servs., Inc.,* No. 03 Civ. 5562, 2005 WL 1958361, at \*9 (S.D.N.Y. Aug. 16, 2005).

**\*6** While Rule 37 dismissal is a drastic remedy to be reserved only for extreme circumstances, it "is warranted ... where a party fails to comply with the court's discovery orders willfully, in bad faith, or through fault." *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.,* 845 F.2d 1172, 1176 (2d Cir.1988) (and cases cited therein); *see also Societe Int'l v. Rogers,* 357 U.S. 197, 212, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958) (sanctions under Rule 37 justified where responding party has control over information requested and fails or refuses production without showing of inability to comply with court's order). Moreover, "dismissal with prejudice may be imposed even against a plaintiff who is proceeding pro se, so long as a warning has been given that noncompliance can result in dismissal." *Valentine v. Museum of Modern Art,* 29 F.3d 47, 50 (2d Cir.1994) (per curiam).

For all of the reasons discussed above, this Court finds that dismissal of this case is also proper under Rule 37(b) for Plaintiff's failure to comply with discovery orders.

### IV. CONCLUSION

Mindful of the fact that *pro se* cases should not easily be dismissed for procedural deficiencies, this Court concludes that Plaintiff's failures in this case go beyond procedural deficiencies, and constitute actual neglect. Plaintiff has failed to diligently prosecute this action in any manner, and has failed to comply with orders of this Court. As such, because each of the factors relevant to the Rule 41(b) and Rule 37(b) analysis favor dismissal, this Court will dismiss this case with prejudice.

## V. ORDERS

IT HEREBY IS ORDERED, that Defendants' Third Motion to Dismiss (Docket No. 145) is GRANTED.

FURTHER, that this case is dismissed with prejudice pursuant to Rules 41(b) and 37(b) of the Federal Rules of Civil Procedure.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2005 WL 2205816

---

**End of Document**

© 2017 Thomson Reuters. No claim to original U.S. Government Works.

2014 WL 2533166
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

Dwayne JONES, Plaintiff,

v.

Dr. Amber HAWTHORNE, Doctor,
Upstate Correctional Facility, Defendant.

No. 9:12–CV–1745 (GTS/RFT).
|
Signed June 5, 2014.

**Attorneys and Law Firms**

Dwayne Jones, Malone, NY, pro se.

Hon. Eric T. Schneiderman, Attorney General for
the State of New York, Joshua E. Mcmahon, Esq.,
Assistant Attorney General, of Counsel, Albany, NY, for
Defendant.

### DECISION and ORDER

GLENN T. SUDDABY, District Judge.

**\*1** Currently before the Court, in this *pro se* prisoner
civil rights action filed by Dwayne Jones ("Plaintiff")
against the above-captioned New York State correctional
employee ("Defendant"), is United States Magistrate
Judge Randolph F. Treece's Report Recommendation
recommending that Plaintiff's Complaint be dismissed
pursuant to Fed.R.Civ.P. 41(b) for failure to prosecute the
action or comply with the procedural rules or orders of the
Court. (Dkt. No. 29.) Plaintiff has not filed an objection
to the Report Recommendation, and the deadline by
which to do so has expired. (*See generally* Docket
Sheet.) After carefully reviewing the relevant filings in this
action, the Court can find no clear error in the Report
Recommendation: Magistrate Judge Treece employed
the proper standards, accurately recited the facts, and
reasonably applied the law to those facts. As a result, the
Court accepts and adopts the ReportRecommendation
for the reasons stated therein. (Dkt. No. 29.)

**ACCORDINGLY,** it is

**ORDERED** that Magistrate Judge Treece's Report
Recommendation (Dkt. No. 29) is ***ACCEPTED*** and
***ADOPTED*** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is
***DISMISSED*** without prejudice pursuant to Fed.R.Civ.P.
41(b).

### REPORT–RECOMMENDATION and ORDER

RANDOLPH F. TREECE, United States Magistrate
Judge.

Plaintiff Joseph Bloomfield commenced this action *pro se*
in November 2012, seeking relief, pursuant to 42 U.S.C.
§ 1983, for alleged violations of his constitutional rights.
Dkt. No. 1, Compl. At the time of the initiation of this
action, Plaintiff was in the custody of the New York State
Department of Corrections and Community Supervision
("DOCCS") and was incarcerated at Upstate Correctional
Facility.

On March 22, 2013, the Honorable Glenn T. Suddaby,
United States District Judge, conducted an initial
screening of Plaintiff's Complaint. Dkt. No. 12. After
directing dismissal of certain claims and Defendants,
Judge Suddaby directed service on the remaining
Defendant, Amber Hawthorne. Dkt. No. 12. Within
that Decision and Order, Judge Suddaby advised Plaintiff
of his obligation to maintain an updated address with the
Court and opposing counsel. Specifically, Judge Suddaby
stated: "**Plaintiff is also required to promptly notify the
Clerk's Office and all parties or their counsel of any change
in his address; plaintiff's failure to do so will result in the
dismissal of this action.**" *Id.* at p. 23 (emphasis in original).

1     Plaintiff's request to proceed with this action *in
      forma pauperis* ("IFP ") was granted and the United
      States Marshal was directed to effectuate service on
      Plaintiff's behalf. Dkt. No. 12; *see also* 28 U.S.C. §
      1915.

On April 22, 2013, Defendant filed a Motion seeking
revocation of Plaintiff's *in forma pauperis* ("IFP"),
pursuant to 28 U.S.C. § 1915(g), for having allegedly
accumulated three or more "strikes" prior to initiating
this action. [2] Dkt. No. 18. On May 8, 2013, while still
in DOCCS's custody, Plaintiff filed his Opposition to
that Motion. Dkt. No. 23. Thereafter, on February 12,

2014, this Court issued a Decision and Order denying the Motion because Plaintiff had not accumulated three strikes prior to initiating this action; Defendant was directed to respond to the Complaint. [3] Dkt. No. 4. A copy of that Decision and Order was mailed to Plaintiff at his last known address as reflected on the Docket Report. However, on February 18, 2014, that Decision and Order was returned to the Court as undeliverable. Dkt. No. 25. In the meantime, Defendant complied with the Court's direction and filed her Answer, Dkt. No. 26, and a Mandatory Pretrial Discovery and Scheduling Order was issued, setting forth various deadlines for the progression of this action, Dkt. No. 27. A copy of that Order was likewise mailed to Plaintiff at his last known address and was, on March 10, 2014, similarly returned as undeliverable. Dkt. No. 28.

[2]    In *lieu* of an answer, Defendant filed a Motion to Dismiss. Dkt. No. 18. However, because the relief sought was revocation of Plaintiff's IFP status, which is not dispositive in nature, the Clerk was directed to reflect that the Motion to Dismiss was, in actuality, a motion seeking revocation of IFP status. Dkt. No. 20. In rendering this Order, this Court further noted that this was a non dispositive issue to be decided by the undersigned directly and not upon referral from the District Judge. *Id.* We further stayed Defendant's time to respond to the Complaint pending a determination on the Motion. *Id.*

[3]    As noted in that Decision and Order, one of the proposed strikes offered by Defendant was a dismissal of a *habeas corpus* petition. During the pendency of the Defendant's Motion, the Second Circuit issued its decision in *Jones v. Smith,* 720 F.3d 142, 147 (2d Cir.2013), putting to rest the conflict among the District Courts by ruling that dismissals of *habeas* petitions challenging a prisoner's conviction and duration of confinement do not constitute strikes for purposes of the Prison Litigation Reform Act. Dkt. No. 24 at p. 4 & n. 2.

**\*2**  According to information publically available on the New York State DOCCS website, Plaintiff was released from DOCCS custody on July 26, 2013, after serving the maximum time of incarceration for his underlying state conviction. *See* N.Y. S. DOCCS Inmate Information website, *available at* http:// nysdoccslookup.doccs.ny .gov (information obtained for DIN# 11 A 1561). Since the time of such release, Plaintiff has not contacted this Court to advise of any change in his address.

In this District, all litigants have an ongoing obligation to keep their address information updated with both the Court and adversaries. N.D.N.Y.L.R. 10.1(c)(2) ("**All attorneys of record and *pro se* litigants must immediately notify the Court of any change of address.**" (emphasis in original)). A party's failure to provide such information is grounds for dismissal. N.D.N.Y.L.R. 41.2(b). As then-District Judge Pooler has observed:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany County Corr. Facility Staff,* 1996 WL 172699, at \* 1 (N.D.N.Y. Apr. 10, 1996) (citations omitted).

Indeed, courts in the Northern District of New York have dismissed lawsuits brought by *pro se* plaintiffs for failure to provide a current address. *See Rivera v. Goord,* 1999 WL 33117155 (N.D.N.Y. Sept. 14, 1999); *Fenza v. Conklin,* 177 F.R.D. 126 (N.D.N.Y.1988); *Morgan v. Dardiz,* 177 F.R.D. 125 (N.D.N.Y.1998); *Williams v. Faulkner,* 1998 WL 278288 (N.D.N.Y. May 20, 1998); *Dansby v. Albany County Corr. Facility Staff,* 1996 WL 172699.

It appears that the last communication received from Plaintiff in this case was ten months ago when, on May 8, 2013, the Court received his Opposition to Defendant's Motion. Dkt. No. 23. Because the Defendant's Motion was fully briefed, we would not have expected any communication from Plaintiff during these ten months, except in certain circumstances such as providing the Court with an updated address. It is clear that in late-July

2013, Plaintiff's address changed, yet there is no indication that Plaintiff attempted to update his address with the Court. Such inaction constitute grounds for dismissal.

Furthermore, Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action, or to comply with the procedural rules or orders of the court. FED. R. CIV. P. 41(b); *see Link v. Wabash R.R. Co.,* 370 U.S. 626 (1962). [4] This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See Freeman v. Lundrigan,* 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996). The correctness of a dismissal pursuant to Rule 41(b) is determined in light of five factors: (1) whether plaintiff's failure to prosecute or to comply with the court's orders or procedural rules caused a delay of significant duration; (2) whether plaintiff was on notice that failure to prosecute or to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Lewis v. Rawson,* 564 F.3d 569, 576 (2d Cir.2009); *Lucas v. Miles,* 84 F.3d 532, 534 35 (2d Cir.1996). In making use of this test, "[n]o one factor is dispositive, and ultimately we must review the dismissal in light of the record as a whole." *United States ex rel. Drake v. Norden Sys., Inc.,* 375 F.3d 248, 254 (2d Cir.2004).

[4]    It is well settled that the term "these rules  in Rule 41(b) refers not only to the Federal Rules of Civil Procedure but also to the local rules of practice for a district court. *See Tylicki v. Ryan,* 244 F.R.D. 146, 147 (N.D.N.Y.2006).

**\*3** In this case, Plaintiff was released from DOCCS custody on July 26, 2013, over seven months ago, yet, we have never received an updated address, nor any alternative means by which to communicate with him. Plaintiff's failure to provide an updated address and make any inquiries as to this action evidences his apparent abandonment of this case and evinces an intent to not prosecute this action. The Court finds that this period of noncompliance with the requirement that he notify the Clerk's Office and Defendant of his current address weighs in favor of dismissal. Moreover, the Court finds that Plaintiff was afforded proper notice of his obligation to advise the Court and counsel of his address and

the consequences of his failure to comply. Any further warnings to Plaintiff would naturally fall on deaf ears as we have no way of contacting him.

The Court also finds that Defendant is likely to be prejudiced by further delay in the proceedings, which may well affect witnesses' memories, the ability to locate witnesses, and the preservation of evidence. A Scheduling Order was recently issued which directs the exchange of certain discovery amongst the parties. Yet, Defendant has no ability to comply with the Court's Order if she cannot communicate with Plaintiff. With regard to the fourth factor, under the circumstances, the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this case, and weighs in favor of the dismissal of this action.

Lastly, the Court has carefully considered sanctions less drastic than dismissal. Without the ability to communicate with Plaintiff, however, there is no meaningful way to procure his "reappearance" to actively prosecute this action. Moreover, simply waiting for him to comply with his obligations has not been, and is not likely to be, fruitful, since he has failed to do so for some months now. As a result, the Court finds that the fifth factor also weighs in favor of dismissal.

In sum, in light of the fact that Plaintiff cannot be located or communicated with at his address of record, and given his failure to comply with his obligation to advise the Court and counsel of any change in his address, we recommend that this action be dismissed. Nevertheless, in light of Plaintiff's *pro se* status, we recommend that the dismissal of this action be without prejudice. [5]

[5]    Unless the dismissal order states otherwise, a dismissal pursuant to Rule 41(b) "operates as an adjudication on the merits.  FED. R. CIV. P. 41(b).

**WHEREFORE,** it is hereby

**RECOMMENDED,** that this action be **dismissed without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure; and it is further

**ORDERED,** that the Clerk of the Court serve a copy of this Report  Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. ***FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.*** *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993) (citing *Small v. Sec'y*

*of Health and Human Servs .,* 892 F.2d 15 (2d Cir.1989)); *see also* 28 U.S.C. § 636(b) (1); FED. R. CIV. P. 72 & 6(a).

**\*4** Filed March 13, 2014.

**All Citations**

Not Reported in F.Supp.3d, 2014 WL 2533166

---

**End of Document**

© 2017 Thomson Reuters. No claim to original U.S. Government Works.

2010 WL 3489574
Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States District Court,
S.D. New York.

Rodney GRACE, Petitioner,
v.
State of NEW YORK, Respondent.

No. 10 Civ. 3853(LTS)(GWG).
|
Sept. 7, 2010.

*REPORT & RECOMMENDATION*

GABRIEL W. GORENSTEIN, United States Magistrate Judge.

*FACTS*

**\*1** Rodney Grace, proceeding *pro se,* brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking review of his state court conviction. *See* Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, filed May 11, 2010 (Docket # 2). At the time of the filing, Grace was detained at Anna M. Cross Center at Rikers Island Correctional Facility. *See id.* This Court issued an order on May 20, 2010, directing the respondent to file an answer by July 20, 2010. *See* Order, filed May 20, 2010 (Docket # 4) ("May 20, 2010 Order").

This Order was mailed to the address on the complaint the Anna M. Cross Center and it was returned as undeliverable with a hand written notation "no such inmate in system by name." In response, the undersigned stayed the May 20, 2010 Order, ordered Grace to provide the Court with an address at which he could be reached, and informed him that if he failed to respond, his petition would be dismissed. *See* Order, dated June 2, 2010 (Docket # 5) ("June 2, 2010 Order"). A copy of this order was sent to a prison number that was supplied in Grace's papers.

On June 7, 2010, Grace filed a letter with the Clerk of Court providing a new address at the Ulster Correctional Facility in Napanoch, New York, where he stated he was being held on a parole violation. *See* Change of Address, filed June 7, 2010 (Docket # 6). The court vacated the June 2, 2010 Order and reinstituted the deadlines set forth in the May 20, 2010 Order. *See* Order, filed June 9, 2010 (Docket # 7) ("June 9, 2010 Order").

A copy of the June 9, 2010 Order was sent to Grace at the Ulster Correctional Facility but was returned as undeliverable with the handwritten notation "Released No Forwarding Address on file." *See* Order, filed June 17, 2010 (Docket # 8). The Court's own inquiry into the State prisoner locator system confirmed his release. Additionally, the records of New York City's Department of Correction did not reflect that Grace was in its custody. Once again, the undersigned stayed the May 20, 2010 Order. *Id.* The Court further ordered that if Grace did not provide an address at which he could be reached within 60 days, his "petition will be dismissed." *Id.* To date, the Court has received no communication from petitioner. In addition, there is no "Rodney Grace" in either the City or State correctional systems according to their websites.

*DISCUSSION*

Fed.R.Civ.P. 41(b) provides, in relevant part, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." While the text of Rule 41(b) addresses only the situation in which a defendant moves for dismissal, "it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.,* 239 F.3d 206, 209 (2d Cir.2001) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630 31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) ( "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.")). Unless the court specifies otherwise, Rule 41(b) provides that dismissal "operates as an adjudication on the merits."

**\*2** While appellate courts apply a number of factors in evaluating the propriety of a dismissal for failure to prosecute, *see Martens v. Thomann,* 273 F.3d 159, 180 (2d Cir.2001), a district court is not required to discuss these factors in dismissing a case as long as an explanation is given for the dismissal, *see id.; Lucas v. Miles,* 84 F.3d 532, 535 (2d Cir.1996). Here, it is sufficient

to say that this case cannot proceed without Grace's participation, and he has provided no method by which the Court can inform him of his obligations in this case or its outcome. Courts have repeatedly recognized that dismissal for failure to prosecute is appropriate where a plaintiff effectively disappears by failing to provide a current address at which he or she can be reached. *See, e.g., Fate v. Doe,* 2008 WL 1752223, at *2 (S.D.N.Y. Apr.16, 2008); *Coleman v. Doe,* 2006 WL 2357846, at *3 (E.D.N.Y. Aug.14, 2006); *Dong v. United States,* 2004 WL 385117, at *3 (S.D.N.Y. Mar.2, 2004); *Love v. F.B.I.,* 2002 WL 2030828, at *1 (N.D.Tex. Sept.3, 2002); *Ortiz v. United States,* 2002 WL 1492115, at *2 (S.D.N.Y. July 11, 2002); *Hibbert v. Apfel,* 2000 WL 977683, at *2 3 (S.D.N.Y. July 17, 2000); *Norlander v. Plasky,* 964 F.Supp. 39, 41 42 (D.Mass.1997). However, because "dismissal with prejudice is 'a harsh remedy to be utilized only in extreme situations,' " *Lyell Theatre Corp. v. Loews Corp.,* 682 F.2d 37, 42 (2d Cir.1982) (quoting *Theilmann v. Rutland Hosp., Inc.,* 455 F.2d 853, 855 (2d Cir.1972)), the Court recommends that dismissal be without prejudice, *see generally LeSane,* 239 F.3d at 209 ("*pro se* plaintiffs should be granted special leniency regarding procedural matters"); *Coleman,* 2006 WL 2357846, at *3 (dismissal without prejudice where *pro se* plaintiff could not be reached at the address he provided (citation omitted)); *Whitaker v. N.Y. City Police Dep't,* 1989 WL 37678, at *1 (S.D.N.Y. Apr.11, 1989) (same).

*Conclusion*

For the foregoing reasons, the petition should be dismissed without prejudice.

## *PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION*

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days including weekends and holidays from service of this Report and Recommendation to serve and file any objections. *See also* Fed.R.Civ.P. 6(a), (b), (d). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Laura Taylor Swain, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Swain. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.,* 596 F.3d 84, 92 (2d Cir.2010).

**All Citations**

Not Reported in F.Supp.2d, 2010 WL 3489574

---

© 2017 Thomson Reuters. No claim to original U.S. Government Works.

 © 2017 Thomson Reuters. No claim to original U.S. Government Works.

2014 WL 5859139
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

Angel FERRER a/k/a Gary Michael King, Plaintiff,
v.
Brian FISCHER, et al., Defendants.

No. 9:13–CV–0031 (NAM/ATB).
|
Signed Nov. 12, 2014.

**Attorneys and Law Firms**

Angel Ferrer, pro se.

Hon. Eric T. Schneiderman, Attorney General of the,
State of New York, The Capitol, Gregory J. Rodriguez,
Esq., Assistant Attorney General, of Counsel, Albany,
NY, for Defendants.

### *ORDER*

NORMAN A. MORDUE, Senior District Judge.

 **\*1** The above matter comes to me following a Report
Recommendation by Magistrate Judge Andrew T. Baxter,
duly filed on the 7th day of October 2014. Following
fourteen (14) days from the service thereof, the Clerk has
sent me the file, including any and all objections filed by
the parties herein.

After careful review of all of the papers herein, including
the Magistrate Judge's Report  Recommendation, and no
objections submitted thereto, it is

ORDERED that:

1. The Report  Recommendation is hereby adopted in its
entirety.

2. The defendants' motion to dismiss (Dkt. No. 35) is
granted, and the complaint is dismissed in its entirety.

3. The Clerk of the Court shall serve a copy of this Order
upon all parties and the Magistrate Judge assigned to
this case. Plaintiff shall be served by certified mail, return
receipt requested.

IT IS SO ORDERED.

### REPORT–RECOMMENDATION

ANDREW T. BAXTER, United States Magistrate Judge.

This matter has been referred for Report and
Recommendation, pursuant to 28 U.S.C. § 636(b)
and Local Rules N.D.N.Y. 72.3(c), by the Honorable
Norman A. Mordue, Senior United States District
Judge. In this pro se complaint, plaintiff asserts claims
under 42 U.S.C. § 1983, claiming that defendants were
deliberately indifferent to his medical needs.   (Dkt. No. 1
("Compl.")). His motion to proceed *in forma pauperis* was
granted, and service was ordered on June 20, 2013. (Dkt.
No. 8).

1      The complaint also contained allegations against
       Cold Crib, a "jailhouse catalog,  but those claims
       were dismissed by Judge Mordue's June 20, 2013
       Decision and Order. Dkt. No. 8 at 9.

Currently before the Court is defendants' motion pursuant
to Rule 37(b) of the Federal Rules of Civil Procedure
("Rules") to dismiss the complaint as a sanction for
plaintiff's failure to attend two scheduled depositions.
(Dkt. No. 35). For the following reasons the court
recommends that the motion be granted and plaintiff's
complaint be dismissed.

### DISCUSSION

#### I. Background [2]

2      The court has described the factual background in its
       June 20, 2013 Order and its April 9, 2014 Report
       Recommendation. (Dkt. Nos. 8 at 3  4, 36 at 2  3). The
       court will, therefore, assume the parties' familiarity
       with the background and will only briefly summarize
       it here as necessary to address the motion.

Plaintiff's motion to proceed *in forma pauperis* was granted
and service was ordered on June 20, 2013. (Dkt. No. 8).
I issued a Mandatory Pretrial Discovery and Scheduling
Order ("the Scheduling Order") on September 3, 2013.
(Dkt. No. 21). The Scheduling Order grants defendants
leave to take plaintiff's deposition and explains the proper
procedure for doing so. (Dkt. No. 21 at 3  4). It specifically

advises plaintiff that "[t]he failure of plaintiff(s) to attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of the action pursuant to Fed.R.Civ.P. 37." (Dkt. No. 21 at 4).

On December 2, 2013, counsel for defendant mailed plaintiff a Notice of Deposition, setting the deposition for December 19, 2013 at the Office of the Attorney General. (Dkt. No. 35 1 ("Rodriguez Aff."), Ex. A).[3] Plaintiff did not contact counsel for defendants in advance of this scheduled deposition. (*See* Rodriguez Aff., Ex. B at 3). However, plaintiff failed to appear at the Office of the Attorney General on December 19, 2013. (Rodriguez Aff., Ex. B). After failing to appear for the scheduled deposition, plaintiff did contact defense counsel by telephone to request that his deposition be conducted on January 2, 2014. (Dkt. No. 39 at ¶ 14). Counsel for defendants was unavailable on that date, and when he tried to reach plaintiff at the telephone number he provided after that time to reschedule, he was unable to reach plaintiff to choose a mutually agreeable date. (*Id.*).

[3]     Plaintiff was released from prison on October 11, 2013. http:// nysdocslookup.docs.ny.gov. He sent the court a Notice of Change of Address dated October 16, 2013 in another action pending in this District providing his new address. (Dkt. No. 29).

**\*2** Consequently, counsel for defendants filed a letter request asking the court to direct plaintiff to appear for a deposition. (Dkt. No. 33). The court granted counsel's request and issued a Text Order directing plaintiff to appear for a deposition on a mutually agreed upon date in February. (Dkt. No. 34). The court further clarified that "PLAINTIFF'S FAILURE TO APPEAR FOR AND SUBMIT TO A DEPOSITION AS DIRECTED BY THE COURT MAY RESULT IN THE IMPOSITION OF SANCTIONS, INCLUDING POSSIBLE DISMISSAL OF THE CASE." (Dkt. No. 34). On January 24, 2014, counsel sent plaintiff a letter enclosing the court's Text Order and requesting that plaintiff contact him to choose a date for the deposition. (Rodriguez Aff., Ex. D). When he did not receive a response from plaintiff, counsel for defendants sent a follow-up letter on February 4, 2014, again requesting that plaintiff contact him, and enclosing the court's Text Order and his January 24, 2014 letter. (Rodriguez Aff., Ex. E). According to counsel for defendants, these letters were not returned to the Office of the Attorney General. (Rodriguez Aff. at ¶¶ 17, 18).

On February 11, 2014, counsel sent plaintiff a third letter to attempt to reschedule the December 19, 2013 deposition, both by certified mail and overnight mail,[4] noting that he had not received a response to the prior letters and enclosing a Notice of Deposition, rescheduling the deposition for February 20, 2014. (Rodriguez Aff., Ex. F). Plaintiff failed to appear for this deposition. (Rodriguez Aff., Ex. G).

[4]     The letter sent via certified mail was returned to the Office of the Attorney General on March 10, 2014, however, the overnight mail was not returned. (Rodriguez Aff. at ¶¶ 25, 26, & Ex. I). Even if plaintiff moved and did not receive some of the notices mailed to him, his failure to update the court with new contact information would support dismissal of this action. *See Dumpson v.. Goord,* 00 CV 6039, 2004 WL 1638183, at *3 (W.D.N.Y. July 22, 2004) ("The demand that plaintiffs provide contact information *is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit."*) (emphasis added); NDNY Local Rule Rule 41.2(b) ("Failure to notify the court of a change of address in accordance with LR10.1(c)(2) may result in the dismissal of any pending action. ).

Defendants subsequently filed this motion to dismiss pursuant to Rule 37. (Dkt. No. 35). Plaintiff did not respond to the motion.

## II. Motion to Dismiss

Rule 37(d) of the Federal Rules of Civil Procedure provides for sanctions, including dismissal, if an individual fails to appear at his own deposition after having received proper notice.[5] Fed.R.Civ.P. 37(d)(l)(A)(i). Subsection (d) cross references subsection (b)(2)(A)(v) which also authorizes the court to dismiss an action for failure to comply with a discovery order. The imposition of sanctions under Rule 37 is within the discretion of the district court. The sanction of dismissal is a harsh remedy, to be used "only in extreme situations." *Bobal v. Rensselaer Polytechnic Institute* 916 F.2d 759, 764 (2d Cir.1990). A court may consider several factors when deciding whether a case should be dismissed for failure to comply with discovery, including: 1) the willfulness of the non-compliant party or the reason for noncompliance; 2) the duration of the period of non-compliance; 3) whether the non-compliant party had been warned of the consequences of noncompliance; and 4) the efficacy of

lesser sanctions." *S. New England Tel. Co. v. Global Naps, Inc.,* 624 F.3d 123, 144 (2d Cir.2010).

5    Rule 37(d)(3) also provides that " i]nstead of or in addition to other] sanctions, the court must require the party failing to act ... to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified, or other circumstances make an award of expenses unjust.

Here, as discussed above, plaintiff received the Scheduling Order from the Court which warned him that failure to appear for his deposition could lead to dismissal of his action. Plaintiff nonetheless failed to appear for his scheduled deposition. After failing to respond to counsel for defendants, plaintiff received a Text Order from the court, again warning him that failure to appear for a deposition may result in dismissal of his case. This Order was not returned to the court, indicating that it was likely received. Plaintiff still failed to respond to communications from defense counsel regarding his availability, and then failed to appear when defendants noticed another deposition.

**\*3** The first deposition was scheduled for December 19, 2013, and counsel for defendants has not been able to reach plaintiff to reschedule since. Plaintiff has not made any other contact with the court since that time. The court therefore finds that he is at fault, his actions are willful, and he has shown bad faith by failing to appear. Plaintiff has been warned multiple times of the potential consequences of his actions. Given plaintiff's apparent lack of interest in prosecuting his case, [6] and his disregard for this court's orders, the court finds that a sanction other than dismissal would not be effective. Notwithstanding plaintiff's pro se status, he is not absolved from abiding by the federal rules. *Caidor v. Onondaga County,* 517 F.3d 601, 605 (2d Cir.2008) (noting that pro se litigants are required to familiarize themselves with procedural rules and comply with such rules); *McDonald v. Head Criminal Court Supervisor Officer,* 850 F.2d 121, 124 (2d Cir.1988) ( "[W]hile pro se litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including pro ses, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions.")).

6    Though defendants did not make a motion for failure to prosecute, the court notes that it could also recommend dismissal based on plaintiff's disinterest in prosecuting this case. Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the action, or comply with the Federal Rules or an order of the court. *See Dansby v. Albany County Correctional Facility Staff,* 95 CV 1525, 1996 WL 172699, at \*1 (N.D.N.Y. Apr. 10, 1996) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626, 629 (1962)). The Second Circuit has held that, generally, a determination of whether to dismiss for failure to prosecute involves a consideration of: 1) whether plaintiff's failure caused a delay of considerable duration; 2) whether plaintiff was given notice that further delay would result in dismissal; and 3) whether defendants will be prejudiced by further delay. *United States ex rel. Drake v. Norden Sys., Inc.,* 375 F.3d 248, 254 (2d Cir.2004). The court must also carefully balance the need to alleviate court congestion with plaintiff's right to have his day in court, and the efficacy of lesser sanctions. *Id.* Dismissal is a harsh remedy to be utilized only in "extreme situations. *Minnette v. Time Warner,* 997 F.2d 1023, 1027 (2d Cir.1993). In addition to his failure to appear for two depositions, plaintiff did not respond to this motion to dismiss. The court notes that plaintiff's disinterest in prosecuting this case is further supported by his actions in another case that he commenced in this District. *See Ferrer v. Graham,* No. 13 CV 86 (NAM/DEP). In that case, plaintiff also failed to attend multiple depositions, and it was dismissed based on his failure to comply with the court's orders, defendant's deposition notices, and his failure to appear for a telephone conference. *Id.,* Dkt. No. 47, 48. Consideration of these factors would also weigh in favor of dismissal.

For the foregoing reasons, dismissal is the appropriate sanction under Rule 37 and the court recommends dismissal.

**WHEREFORE,** based on the findings above, it is

**RECOMMENDED,** that defendants' motion to dismiss (Dkt. No. 35) be **GRANTED,** and that the complaint be **DISMISSED IN ITS ENTIRETY.**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections

shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993) (citing *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir.1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72.

Filed Oct. 7, 2014.

**All Citations**

Not Reported in F.Supp.3d, 2014 WL 5859139

---

    © 2017 Thomson Reuters. No claim to original U.S. Government Works.

2012 WL 6924160
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

Nolasco PICHARDO, Plaintiff,

v.

Dr. David KARANDY, Defendant. [1]

[1]  By Decision and Order dated May 13, 2010, the
Court dismissed all defendants except Defendant
Karandy. Dkt. No. 13.

No. 10–CV–104 (MAD/CFH).
|
Sept. 12, 2012.

**Attorneys and Law Firms**

Nolasco Pichardo, Paterson, NJ, pro se.

Hon. Eric T. Schneiderman, Attorney General for
the State of New York, Cathy Y. Sheehan, Esq.,
Assistant Attorney General, of Counsel, Albany, NY, for
Defendant.

**REPORT–RECOMMENDATION AND ORDER** [2]

[2]  This matter was referred to the undersigned for report
and recommendation pursuant to 28 U.S.C. § 636(b)
and N.D.N.Y.L.R. 72.3(c).

CHRISTIAN F. HUMMEL, United States Magistrate
Judge.

**\*1**  Plaintiff pro se Nolasco Pichardo ("Pichardo"),
formerly an inmate in the custody of the New York
State Department of Corrections and Community
Supervision ("DOCCS"), brings this action against
Defendant Karandy, a supervising physician, alleging
violations of the Civil Rights Act, 42 U.S.C. § 1983. Am.
Compl. (Dkt. No. 10). Presently pending is defendant's
motion to dismiss for failure to prosecute pursuant to
Fed.R.Civ.P. 41(b) and 37(d). Dkt. No. 38. By order,
Pichardo was granted until June 18, 2012 to respond to
the motion. Dkt. No. 39. Despite this extension, Pichardo
did not file opposition papers to the motion. For the following
reasons, it is recommended that defendant's motion be
granted.

**I. Background**

Pichardo commenced this action on January 28, 2010,
while he was an inmate in DOCCS's custody, and added
Karandy as a defendant on April 12, 2010. Compl.
(Dkt. No. 1); Am. Compl. (Dkt. No. 10). The Court
granted Pichardo's request to proceed *in forma pauperis* on
March 16, 2010. Dkt. No. 7. Pichardo specifically alleges
that while in DOCCS custody, defendant Dr. Karandy
denied his requests for medical assistance, appropriate
medication, and medical boots for pain relief arising from
a prior ankle surgery. Dkt. No. 10, at 5.

On November 18, 2010, Dr. Karandy filed a motion
to dismiss the amended complaint. Dkt. No. 26. On
January 20, 2011, the Court *sua sponte* granted Pichardo
an extension of time, until February 22, 2011, to file
a response to defendant's motion and warned him that
"he must also promptly notify the Clerk's Office and all
parties or their counsel of any change in his address." Dkt.
report entry dated 1/20/2011. Pichardo did not respond to
defendant's motion to dismiss but filed a Notice of Change
of Address on January 25, 2011, indicating that he was
released and residing in New Jersey. Dkt. No. 27.

Pichardo "was parole released to the United States
Immigration Services [on March 1, 2011] and deported
to the Dominican Republic by the end of March 2011."
Sheehan Decl. (Dkt. No. 38 6) ¶ 9; Dkt. No. 38 7. On
March 17, 2011, the Court *sua sponte* granted Pichardo
a final extension of time, until April 20, 2011, to file
opposition papers. *See* Dkt. report entry dated 3/17/2011.
Again, Pichardo failed to respond.

On August 16, 2011, the Court issued a Mandatory
Pretrial Discovery and Scheduling Order requiring
Pichardo to produce to Dr. Karandy, by October 17,
2011, "a list [or] ... copies of any ... documents and other
materials which [Pichardo] may use to support the claims
in the complaint," any documents related to the pursuit of
administrative remedies, and any prior documents related
to litigation previously commenced by Pichardo. Dkt. No.
34. The order also notified Pichardo that his failure "to
attend, be sworn, and answer appropriate questions" at
a deposition may result in the dismissal of his action.
*Id.* Pichardo never produced any discovery nor contacted
counsel. Sheehan Decl. (Dkt. No. 38 6) ¶ 15.

**\*2** On November 22, 2011, Dr. Karandy served a Notice of Deposition on Pichardo in New Jersey for a deposition scheduled on December 7, 2011 at the Office of the Attorney General in Albany, New York. Dkt. No. 38 9 at 5, 9. Pichardo was again advised that his failure to attend may result in the dismissal of his action. *Id.* at 5 6, 10. Nevertheless, on December 7, 2011, Pichardo failed to appear for the deposition. Dkt. No. 38 9, at 6.

On April 11, 2012, Dr. Karandy filed the instant motion. Dkt. No. 38. On May 16, 2012, Pichardo was served with an order granting him until June 18, 2012 to respond to the motion, advising him that his "failure to respond to defendant's motion may result in the termination of the case in favor of the defendant[ ]...." Dkt. No. 39. The present motion remains unopposed.

## II. Discussion

### A. Federal Rules of Civil Procedure 41(b)

Federal Rules of Civil Procedure 41(b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedures] or a court order...." *Id.; see* Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962); *MTV Networks v. Lane,* 998 F.Supp. 390, 393 (S.D.N.Y.1998); *see also* N.D.N.Y.L.R. 41.2(b).

Since a Rule 41(b) dismissal is a "harsh remedy ... [it] is appropriate only in extreme situations." *Lucas v. Miles,* 84 F.3d 532, 535 (2d Cir.1996) (citations omitted). Furthermore, where the plaintiff is pro se, "courts 'should be especially hesitant to dismiss for procedural deficiencies....' " *Spencer v. Doe,* 139 F.3d 107, 112 (2d Cir.1998) (quoting *Lucas,* 84 F.3d at 535); *see also* Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2006). To determine whether dismissal for failure to prosecute is appropriate, courts should consider:

> (1) the duration of plaintiff's failure to comply with the court order, (2) whether the plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendant[ ] is likely to be prejudiced by further delay ... (4) a balancing

> of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas,* 84 F.3d at 535; *see also* Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir.1994).

A review of this case's procedural history shows that Pichardo's inactivity began after he filed a Notice of Change of Address on January 25, 2011. [3] While Pichardo was able to file a Notice of Change of Address, he has failed to respond to defendant's motion to dismiss dated November 18, 2010. Pichardo also failed to produce mandatory discovery and to appear for a deposition on December 7, 2011 despite *sua sponte* extensions by the Court and repeated warnings about the consequences of non-participation from both the defendant and Court. Specifically, Pichardo was on notice that failure to comply may result in the dismissal of the action. Thus, for at least the past nineteen months, Pichardo has not communicated with the Court nor the defendant in any manner.

[3]    The reason why Pichardo changed his address before his release is irrelevant as it was his responsibility to keep the Court and his adversaries apprised of his most current address. *See* N.D.N.Y.L .R. 10(b).

**\*3** Defendant's counsel indicates that Pichardo was deported in March 2011. Pichardo has failed to participate or communicate with either the Court or Dr. Karandy since his deportation. The present case is like others dismissed for failure to advise of a new address following deportation. *See* Villasenor v. City of Fairfield, No. 11 16887, 2012 WL 29513, at \*1 (9th Cir. July 17, 2012) (dismissing § 1983 litigation "in light of the relevant factors, including the pendency of the action for over a year without meaningful prosecution ... [and plaintiff's] inability to respond to discovery or participate in the action after being deported to Mexico); *Reynoso v. Selsky et al.,* No. 02 CV 6318 (CJS), 2011 WL 3322414, at \*3 (W.D.N.Y. Aug. 2, 2011) (dismissing § 1983 litigation because plaintiff failed to communicate with the Court following deportation); *cf.* Brown v. Wright, No. 05 CV 82 (FJS/DRH), 2008 WL 346347 (N.D.N.Y. Feb. 6, 2008) (declining to dismiss action where the plaintiff maintained communication with the Court and

defendants following deportation).[4] Thus, Pichardo's failures to update and maintain a current address, produce mandatory discovery, and appear for a deposition resulted not from his immigration status, but a conscious choice.

[4] All unpublished opinions cited to by the Court in this Report Recommendation are, unless otherwise noted, attached to this Recommendation.

Defendant has been prejudiced by Pichardo's failure to participate in discovery. First, defendant has been denied access to necessary information to defend himself. Second, defendant has acted in good faith in responding to Pichardo's claims while the Court has allowed Pichardo to participate in discovery and respond to Defendant's motions.

Lastly, the need to eliminate court calendar congestion and the availability of lesser sanctions both militate in favor of granting the present motion. Pichardo has been notified that failure to promptly notify the Court and all adversaries of any address change, participate in discovery, and appear for a deposition may result in the dismissal of his action. In short, Pichardo has received a fair chance to be heard. His failure to communicate with defendant and the Court during the discovery phase of his lawsuit evidences an intent to abandon this action. To recommend otherwise would jeopardize the Court's legitimate interest in managing a congested docket with efficiency. Moreover, because the Court has already granted Pichardo several extensions of time to respond to defendant's motions, any lesser sanctions would be only temporarily prolonging the life of the action.

Weighing these factors in the context of the immediate issue presented by Pichardo's failure to prosecute his action, the weight tips in favor of granting defendant's motion and dismissal of this action is warranted.

**B. Federal Rules of Civil Procedure 37(d)**

Alternatively, defendant contends that Pichardo's action should be dismissed pursuant to Rule 37(d) of the Federal Rules of Civil Procedure. This Rule provides that a court may impose sanctions on a party, including dismissal of the action, if the party "fails, after being served with proper notice, to appear for that person's deposition." Fed.R.Civ.P. 37(d)(1)(A)(i), 37(d)(3). As indicated above, Pichardo failed to appear for a deposition on December 7, 2011. Even though Pichardo's failure to appear may be attributed to his failure to apprise the Court of his current address, because all parties have an ongoing obligation to keep their addresses updated with both the Court and adversaries, N.D.N.Y .L.R. 10.1(c)(2), such an explanation is irrelevant. *Morgan v. Dardiz,* 177 F.R.D. 125 (N.D.N.Y.1998) (dismissing the action based upon the plaintiff's failure to advise the Court of his current address). Therefore, pursuant to Rule 37(d), Pichardo's failure to appear as a deponent merits the dismissal of the action.

### III. Conclusion

**\*4** For the reasons stated above, it is hereby **RECOMMENDED** that defendants' motion to dismiss (Docket No. 38) be **GRANTED** and Pichardo's Complaint be **DISMISSED** due to his failure to diligently prosecute this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993); *Small v. Sec'y of HHS,* 892 F.2d 15 (2d Cir.1989); *see also* 28 U.S.C. § 636(b) (1); Fed R. Civ. P. 72, 6(a), 6(e).

### All Citations

Not Reported in F.Supp.2d, 2012 WL 6924160

---

2013 WL 252975
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

Nolasco PICHARDO, Plaintiff,

v.

Dr. David KARANDY, Defendants.

No. 9:10–cv–104 (MAD/CFH).
|
Jan. 23, 2013.

**Attorneys and Law Firms**

Nolasco Pichardo, Paterson, NJ, pro se.

Office of the New York, State Attorney General, Cathy Y. Sheehan, AAG, of counsel, Albany, NY, for Defendants.

## DECISION AND ORDER

MAE A. D'AGOSTINO, District Judge.

### I. BACKGROUND

**\*1** Plaintiff *pro se,* formerly an inmate in the custody of the New York State Department of Correctional and Community Supervision ("DOCCS"), brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendant Karandy, the medical supervisor at Great Meadow Correctional Facility, violated his constitutional rights under the Eighth Amendment. *See* Dkt. No. 10. Specifically, Plaintiff alleges that, on July 8, 2008, he was taken to Alice Hyde Medical Center for surgery on his left tibia and ankle, which he had injured playing softball. *See id.* at 4. The surgery was unsuccessful and resulted in nerve damage, constant pain, and numbness to Plaintiff's *See id.* at 4 5. Plaintiff was scheduled for additional corrective surgery, but it was never performed. *See id.* at 5. Upon returning to the correctional facility, Plaintiff alleges that Defendant Karandy failed to provide him with pain medication, commenting that he did not care about Plaintiff's chronic leg pain. *See id.* Moreover, Plaintiff asserts that Defendant Karandy failed to provide him with medical boots to assist with his condition. *See id.*

On November 18, 2010, Defendant Karandy filed a motion to dismiss the amended complaint. *See* Dkt.

No. 26. On January 20, 2011, Magistrate Judge Homer *sua sponte* granted Plaintiff an extension of time, until February 22, 2011, to file a response to Defendant's motion and warned him that "he must also promptly notify the Clerk's Office and all parties or their counsel of any change in his address." *See* Text Order dated Jan. 20, 2011. Plaintiff did not respond to Defendant's motion to dismiss but filed a Notice of Change of Address on January 25, 2011, indicating that he was released and residing in New Jersey. *See* Dkt. No. 27.

Thereafter, Plaintiff "was parole released to the United States Immigration Services [on March 1, 2011] and deported to the Dominican Republic by the end of March 2011." *See* Dkt. No. 38 6 at ¶ 9; Dkt. No. 38 7. On March 17, 2011, Magistrate Judge Homer *sua sponte* granted Plaintiff a final extension of time, until April 20, 2011, to file opposition papers to Defendant's motion to dismiss. *See* Text Order dated March 17, 2011. Again, Plaintiff failed to respond. In a July 14, 2011 Report and Recommendation, Magistrate Judge Homer recommended that the Court grant in part and deny in part Defendant's motion to dismiss. *See* Dkt. No. 30. On August 4, 2011, the Court adopted Magistrate Judge Homer's Report and Recommendation. *See* Dkt. No. 32.

On August 16, 2011, the Court issued a Mandatory Pretrial Discovery and Scheduling Order requiring Plaintiff to produce to Defendant Karandy, by October 17, 2011, "a list [or] ... copies of any ... documents and other materials which [Plaintiff] may use to support the claims in the complaint," any documents related to the pursuit of administrative remedies, and any prior documents related to litigation previously commenced by Plaintiff. *See* Dkt. No. 34. The order also notified Plaintiff that his failure "to attend, be sworn, and answer appropriate questions" at a deposition may result in the dismissal of his action. *See id.* Plaintiff never produced any discovery nor contacted counsel. *See* Dkt. No. 38 6 at ¶ 15.

**\*2** On November 22, 2011, Defendant Karandy served a Notice of Deposition on Plaintiff in New Jersey for a deposition scheduled for December 7, 2011 at the Office of the Attorney General in Albany, New York. *See* Dkt. No. 38 9 at 5, 9. Plaintiff was again advised that his failure to attend may result in the dismissal of his action. *See id.* at 5 6, 10. Nevertheless, on December 7, 2011, Plaintiff failed to appear for the deposition. *See* Dkt. No. 38 9 at 6.

On April 11, 2012, Defendant Karandy filed a motion to dismiss for failure to prosecute. *See* Dkt. No. 38. On May 16, 2012, Plaintiff was served with an order granting him until June 18, 2012 to respond to the motion, advising him that his "failure to respond to defendant's motion may result in the termination of the case in favor of the defendant[.]" *See* Dkt. No. 39. Plaintiff again failed to respond to Defendant Karandy's motion.

In a Report Recommendation and Order dated September 12, 2012, Magistrate Judge Hummel recommended that the Court grant Defendant Karandy's motion and dismiss this action. *See* Dkt. No. 41. Specifically, Magistrate Judge Hummel found that Plaintiff's "failures to update and maintain a current address, produce mandatory discovery, and appear for a deposition resulted not from his immigration status, but a conscious choice." *See id.* at 5. In light of Plaintiff's actions, Magistrate Judge Hummel recommended that the Court find that all factors the Court is required to consider when deciding to dismiss a case pursuant to Rule 41(b) weigh in favor of granting Defendant Karandy's motion. *See id.* at 5 6. Alternatively, Magistrate Judge Hummel recommended that the Court dismiss this case pursuant to Rule 37(d) due to his failure to appear for his deposition. *See id.* at 6 7.

[1]    On September 4, 2012, this matter was reassigned to Magistrate Judge Hummel upon Magistrate Judge Homer's retirement.

Plaintiff did not file objections to Magistrate Judge Hummel's Report Recommendation and Order.

## II. DISCUSSION

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a *"de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). When a party fails to make specific objections, however, the court reviews the magistrate judge's report for clear error. *See Farid v. Bouey,* 554 F.Supp.2d 301, 307 (N.D.N.Y.2008); *see also Gamble v. Barnhart,* No. 02CV1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004) (citations omitted). After the appropriate review, "the court may accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Having reviewed Magistrate Judge Hummel's September 12, 2012 Report Recommendation and Order and the applicable law, the Court concludes that Magistrate Judge Hummel correctly determined that the Court should dismiss Plaintiff's claims, in light of his failure to prosecute this action and his failure to comply with the Court's orders. The last time Plaintiff filed anything in this matter was January 25, 2011 when he filed a notice of change of address. *See* Dkt. Nos. 27, 28. Plaintiff repeatedly failed to respond to Defendant Karandy's motions and failed to abide by court-ordered deadlines, despite repeated extensions of time to do so. As such, the Court finds that Magistrate Judge Hummel correctly recommended that the Court should grant Defendant Karandy's motion to dismiss for failure to prosecute. [2]

[2]    The Court finds that dismissal would also be an appropriate sanction under Rule 37 of the Federal Rules of Civil Procedure for Plaintiff's failure to attend his own deposition, as well as his failure to comply with other discovery related orders. *See* Fed. R. Civ. Proc. 37. Since "courts consider the same factors applicable to Rule 41(b) when considering dismissal pursuant to Rule 37 ,] no additional analysis is necessary. *Barney v. Consol. Edison Co. of N.Y.,* No. 99 CV 823, 2006 WL 4401019, * 16 (E.D.N.Y. July 19, 2006) (citing *Banjo v. United States,* 1996 WL 426364, at *5 (S.D.N.Y. July 30, 1996)); *New Pacific Overseas Group (USA) Inc. v. Excal Intern. Dev. Corp.,* Nos. 99 Civ. 2436, 99 Civ. 3581, 2000 WL 377513, *7 (S.D.N.Y. Apr.12, 2000) (citations omitted).

## III. CONCLUSION

**\*3** After carefully reviewing the entire record in this matter, Magistrate Judge Hummel's September 12, 2012 Report Recommendation and Order, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Hummel's September 12, 2012 Report Recommendation and Order is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Defendant's motion to dismiss pursuant to Rules 37(d) and 41(b) of the Federal Rules of Civil Procedure is **GRANTED in its entirety,** as set forth in Magistrate Judge Hummel's September 12, 2012 Report Recommendation and Order; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on all parties in compliance with the Local Rules; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case.

**IT IS SO ORDERED.**

**All Citations**

Not Reported in F.Supp.2d, 2013 WL 252975

---

**End of Document**

© 2017 Thomson Reuters. No claim to original U.S. Government Works.

KeyC te Ye ow F ag   Negat ve Treatment

D st ngu shed by Ke tt v. Doe, W.D.N.Y., December 5, 20 3

2008 WL 1758644
United States District Court,
S.D. New York.

John NOLAN, Plaintiff,
v.
PRIMAGENCY, INC. et al., Defendants.

No. 07 Civ. 134(RJS).
|
April 16, 2008.

*MEMORANDUM AND ORDER*

RICHARD J. SULLIVAN, District Judge.

**\*1** On January 31, 2008, this Court issued an Order to Show Cause (the "OSC") *sua sponte,* directing counsel for plaintiff John Nolan, Mr. Louis A. Piccone, Esq., and counsel for defendants Primagency, Inc., Steven Lebetkin, and Conrad J. Isoldi ("Defendants"), Mr. Neil R. Flaum, Esq., to show cause why this case should not be dismissed and/or why sanctions and a finding of civil contempt on Mr. Piccone and/or Mr. Flaum should not issue given the failure of plaintiff to diligently prosecute this case, and the failure of the parties to follow Court orders. After counsel for plaintiff failed to appear on the return date of the OSC, the Court issued an order on March 3, 2008 imposing sanctions on the parties, but declining to dismiss the case, provided that the parties complied with the directives contained in that order. *See Nolan v. Primagency, Inc.,* No. 07 Civ. 134(RJS), 2008 WL 650387 (S .D.N.Y. Mar. 3, 2008) ("*Nolan I*"). Plaintiff failed to comply with that order in each and every respect. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b), this action is dismissed with prejudice.

## I. BACKGROUND

The Court presumes the parties' familiarity with the facts relevant to this Order, which are recounted in detail in the OSC, as well as prior orders and transcripts in this matter, including *Nolan I.* However, certain facts post-date those orders and are recounted here.

The Court in *Nolan I* imposed civil contempt sanctions on Mr. Piccone and Mr. Flaum, in the amounts of $750.00 and $200.00, respectively. *See Nolan I* at \*1-4. *Nolan I* also included the following directives:

> Additionally, Mr. Piccone has until March 17, 2008, to comply with the Court's November 1, 2008 and January 3, 2008 orders. This means that by March 17, 2008, Mr. Piccone must (1) properly file the Amended Complaint via the Court's electronic case system ("ECF"); (2) submit a courtesy copy of the Amended Complaint to chambers in accordance with the Individual Practices of the undersigned; (3) confer with Defendants' counsel, Mr. Flaum, regarding a joint proposed Case Management Plan; (4) submit a proposed Plan to the Court by hand delivery, email, or regular mail, provided that it reaches chambers by March 17, 2008; and (5) submit a joint status letter, along with Mr. Flaum, outlining what, if anything, has transpired in this case since the November 1, 2007 conference. Mr. Piccone is also directed to forward a copy of this order to his client, plaintiff John Nolan and file proof of service electronically with the Court ....
> ***Failure to comply with this Order in any respect shall result in dismissal of this case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.***

*Nolan I,* 2008 WL 650387 at \*3 (emphasis added). With regard to Mr. Flaum, *Nolan I* contained the following directives:

> In addition, Mr. Flaum is given a limited amount of time in which to comply with past orders. This means that Mr. Flaum must (1) properly file an answer to the Amended Complaint via the Court's ECF system by April 7, 2008, assuming, of course, that

the Amended Complaint has been filed as of March 17, 2008; (2) submit a courtesy copy of the Answer to chambers in accordance with the Individual Practices of the undersigned; (3) confer with Plaintiff's counsel, Mr. Piccone, regarding a joint proposed Case Management Plan; (4) submit a proposed Plan to the Court by hand delivery, email, or regular mail, provided that it reaches chambers by March 17, 2008; and (5) submit a joint status letter, along with Mr. Piccone, no later than March 17, 2008, outlining what, if anything, has transpired in this case since the November 1, 2007 conference. If for some reason a joint letter is not possible, Mr. Flaum shall submit a status letter to the Court by March 17, 2008 explaining why the submission of a joint letter was not possible. Additionally, Mr. Flaum shall be present at the conference on Tuesday, April 8, 2008 at 10:30 a.m., and is also directed to forward a copy of this Order to his clients and file proof of service electronically with the Court. Failure to strictly comply with this order shall result in further sanctions.

**\*2** *Id.* at \*4. The Court in *Nolan I* stated three separate times that the case would be dismissed if plaintiff failed to comply with any of these directives. *Id.* at \*1-5.

Incredibly, as of April 8, 2008, as noted in the record on that day's conference, **the parties collectively had failed to comply with even one of the directives contained in *Nolan I*.** (*See* Apr. 8 Tr. at 3.) Mr. Piccone admitted on the record that he had not complied with any of the directives in *Nolan I*, and that his failure to comply with *Nolan I* was due to personal issues that the Court does not recount here but are referenced, at least in part, in the transcript of the April 8, 2008 telephone conference. (*See id.* at 3-4.) Mr. Flaum noted that although he had also "missed the boat" (*id.* at 8), he sent in payment of the $200.00 sanction on April 7, 2008 and filed the status letter that day (see

*id.*), 21 days after the deadline contained in *Nolan I.* [2] It is unclear whether Mr. Flaum ever forwarded a copy of *Nolan I* to his clients as directed, but it is certainly clear from the docket sheet in this case that Mr. Flaum failed to file the required proof of service. *See Nolan I,* 2008 WL 650387, at \*4.

[1]  Mr. Piccone asserted on the record at the April 8, 2008 conference that he had in fact filed the amended complaint in November, 2007, and that he could submit proof demonstrating this fact. (*See* Transcript of April 8, 2008 Conference ("Apr. 8 Tr. ) at 5 7.) While it may be true that Mr. Piccone did technically file a hard copy of the amended complaint in this matter, the amended complaint was never *properly* filed on ECF, because he never emailed the amended complaint to case openings@nysd . uscourts.gov, pursuant to ECF procedure. As a result of his failure to do so, the amended complaint is not available on ECF. This is exactly what the Court sought to ameliorate when it ordered Mr. Piccone to "properly file  the amended complaint on ECF. *See Nolan I,* 2008 WL 650387, at \*3. In any event, regardless of the extent of Mr. Piccone's non compliance with this portion of *Nolan I,* this dismissal is based on plaintiff's counsel's failure to follow numerous other directives, as outlined in this and prior orders.

[2]  A letter from Mr. Flaum addressed to the Court and dated April 7, 2008 was received in Chambers on April 9, 2008, and contained a check payable to the Clerk of the Court in the amount of $200.00. That check was tendered to the cashier in the Clerk's office on April 9, 2008.

## II. DISCUSSION

### A. Legal Standard for Dismissal Pursuant to Rule 41(b)

Rule 41(b) expressly authorizes involuntarily dismissal "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed.R.Civ.P. 41(b); *see also LeSane v. Hall's Sec. Analyst, Inc.,* 239 F.3d 206, 209 (2d Cir.2001). The "primary rationale" for dismissal pursuant to Rule 41(b) is "the failure of plaintiff in his duty to process his case diligently." *Lyell Theatre Corp. v. Loews Corp.,* 682 F.2d 37, 43 (2d Cir.1982). Dismissal pursuant to Rule 41(b) is committed to the discretion of the district court, and may be imposed *sua sponte. See Link v. Wabash Railroad Co.,* 370 U.S. 626, 633 (1962); *LeSane,* 239 F.3d

at 209. Rule 41(b) provides that such a dismissal "operates as an adjudication on the merits" unless the dismissal order states otherwise. *See Lyell Theatre,* 682 F.2d at 42-43.

Dismissal is an extreme and "harsh" remedy only to be imposed in the most "extreme" situations, and the Court must consider the entire record in deciding whether dismissal is appropriate. *See Lucas v. Miles,* 84 F.3d 532, 535 (2d Cir.1996); *Minnette v. Time Warner,* 997 F.2d 1023, 1027 (2d Cir.1993). However, in appropriate cases, dismissal must be available, "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 643 (1976). While dismissal based on the actions of a party's attorney may have serious consequences for the represented party, the Supreme Court has recognized that "[t]here is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client." *Link,* 370 U.S. at 633.

**\*3** The Second Circuit has instructed that a district court weighing dismissal of a case pursuant to Rule 41(b) should employ a balancing test, considering the following factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiffs interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas,* 84 F.3d at 535 (2d Cir.1996); *see also United States* ex rel. *Drake v. Norden Sys., Inc.,* 375 F.3d 248, 254 (2d Cir.2004). Generally, no one factor is dispositive. *Shannon v. Gen. Elec. Co.,* 186 F.3d 186, 194 (2d Cir.1999) (citing *Nita v. Conn. Dep't of Envtl. Prot.,* 16 F.3d 482, 485 (2d Cir.1994)).

## B. Analysis

Weighing all of the above factors, the Court dismisses this case with prejudice pursuant to Rule 41(b).

### 1. Duration

The first element of the balancing test, the duration of plaintiffs failures, requires that the court consider "(1) whether the failures to prosecute were those of the plaintiff; and (2) whether these failures were of significant duration." *Martens v. Thomann,* 273 F.3d 159, 180 (2d Cir.2001) (citing *Spencer v. Doe,* 139 F.3d 107, 113 (2d Cir.1998)); *see also United States* ex rel. *Drake,* 375 F.3d at 255. The court must also consider whether any of the delays are attributable to the defendant. *See Jackson v. City of New York,* 22 F.3d 71, 75 (2d Cir.1994).

Here, while the various failures to follow court orders can be attributed to both parties, plaintiff is primarily to blame for the fact that this case has not advanced in more than six months. *See Nolan I,* 2008 WL 650387, at *5. This period of delay is particularly significant given that, during that time, the action did not merely lie dormant, but the parties ignored and disobeyed multiple court orders designed to move the case along. The six-month period at issue here thus is of sufficient duration to weigh in favor of dismissal. *See Lyell Theatre Corp.,* 682 F.2d at 42-43 (noting that Rule 41 dismissal may be warranted "after merely a matter of months").

### 2. Notice

The second element to be considered is whether the plaintiff was on notice that further delay would result in dismissal of the case. *See Lucas,* 84 F.3d at 535 (2d Cir.1996). The Second Circuit has held that where a court puts a plaintiff on notice that the court is considering dismissal, and a plaintiff fails to file a document explaining the failures and outlining why the action should not be dismissed, this element has been met. *See Shannon,* 186 F .3d at 194-95.

The notice element strongly weighs in favor of dismissal of this case. Plaintiff was given notice of the Court's intent to dismiss the action in *Nolan I,* which stated *three times*

that the action would be dismissed in the event of the plaintiffs failure to comply with its directives. *See Nolan I, 2008 WL 650387, at \*1-5.* In addition, the OSC gave both parties an opportunity to submit papers and to appear in Court to contest dismissal. Plaintiff failed to submit papers in response to the OSC, or to appear on the return date, and failed to follow even one of the directives in *Nolan I.* Furthermore, the parties had previously been warned that the Court would consider sanctioning the parties for failure to comply with Court orders. (*See* Jan. 2, 2008 Order.) Finally, plaintiff himself appeared at the January 30, 2008 conference before the Court, and was informed of the Court's intention to issue the OSC and consider dismissing the case absent further action. (*See* Jan. 30, 2008 Tr. at 3-5.) Thus, because it is abundantly clear that the Court gave plaintiff notice of the impending dismissal of the case, the second element weighs in favor of dismissal.

### 3. Prejudice

**\*4** The third element requires that the Court consider the prejudice of further delay to the defendant. *See Lucas, 84 F.3d at 535 (2d Cir.1996).* Where the delay is unreasonable, prejudice may be presumed as a matter of law. *Shannon, 186 F.3d at 195* (citing *Lyell Theatre, 682 F.2d at 43).* This is generally because "delay by one party increases the likelihood that evidence in support of the other party's position will be lost and that discovery and trial will be made more difficult." *Id.* However, "in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater." *Lyell Theatre, 682 F.2d at 43.* "Although a court cannot deny a plaintiff a right to be heard in the interest of avoiding docket congestion, where a plaintiff could have avoided dismissal 'there can be no claim by plaintiff that [its] due process rights have been denied.' " *Jacobs v. County of Westchester,* No. 99 Civ. 4976(WCC), 2008 WL 199469, at \*6 (S.D.N.Y. Jan. 22, 2008) (quoting *Europacific Asset Mgmt. Corp. v. Tradescape Corp.,* 233 F.R.D. 344, 354 (S.D.N.Y.2005) (alteration in original)).

Defendants' counsel is to blame for at least some of the delay in this matter. Because of this, and because only six months have passed, the Court will not presume prejudice. While it is demonstrably unreasonable to fail to comply with court orders for six months, the unreasonable delay present in other cases in which courts presumed prejudice

is absent here. *See Shannon,* 186 F.3d at 195 (finding presumption of prejudice because events at issue in lawsuit had taken place over a decade earlier); *Peart v. City of New York,* 992 F.2d 458, 462 (2d Cir.1993) (citing potential for witness recollection to diminish or witness unavailability as the reason for a presumption of prejudice due to unreasonable delay); *Dodson,* 957 F.Supp. at 470 (S.D.N.Y.1997) (holding that dismissal was appropriate after a five-year delay because the court can presume that witnesses' "memories have faded" when eleven years have passed since the events giving rise to plaintiffs cause of action). Thus, the Court finds that the prejudice factor does not weigh in favor of dismissal.

### 4. Balancing the Court's and Plaintiff's Interests

With respect to the fourth element, the balancing of the court's interests and the plaintiff's right to a fair adjudication on the merits, the Second Circuit has instructed that "[t]here must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." *Lucas,* 84 F.3d at 535-36. As such, the plaintiff's failure to prosecute must be "vexatious and burdensome" on the Court's ability to manage its docket, as opposed to being merely "silent and unobtrusive." *LeSane,* 239 F.3d at 210.

Plaintiff's right to an opportunity to be heard is not taken lightly by this Court. However, this action has been pending for over a year, and there has been no significant progress of any kind for six months. During that time, this Court has issued six separate orders relating to the parties' various failures, and held three conferences relating to the parties' inability to advance the case. While the Court has less knowledge of what transpired prior to this action being reassigned to the undersigned on September 4, 2007, the parties' ongoing failure to comply with orders of this Court has taken up a grossly disproportionate amount of the Court's time since October, 2007. Plaintiff's duty to prosecute the case diligently "is designed to achieve 'fairness to other litigants, whether in the same case or merely in the same court as competitors for scarce judicial resources....' " *Dodson,* 957 F.Supp. at 470 (quoting *Chira v. Lockheed Aircraft Corp.,* 634 F.2d 664, 668 (2d Cir.1980)). As such, the Court finds that plaintiff's failures have been "vexatious and burdensome" and accordingly, the fourth element weighs in favor of dismissal.

### 5. Efficacy of Lesser Sanctions

**\*5** Finally, the fifth element looks to whether the Court has adequately considered remedies other than dismissal. "It is clear that a district judge should employ the remedy of dismissal 'only when he is sure of the impotence of lesser sanctions.' " *Dodson,* 86 F.3d at 39 (citing *Chira,* 634 F.2d at 665). "In deciding on the suitability of lesser sanctions, and whether the sanctions should be aimed primarily against the party or the attorney, it can be important for the district court to assess the relative roles of attorney and client in causing the delay...." *Id.* at 40. "[T]he more the delay was occasioned by the lawyer's disregard of his obligation toward his client, the more this factor argues in favor of a less drastic sanction imposed directly on the lawyer." *Id.* However, this Court must be guided by the Supreme Court's pronouncement that "[t]here is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent." *Link,* 370 U.S. at 633-34.

Although it is without question that plaintiff's failures in this case are solely attributable to his counsel, Mr. Piccone, plaintiff himself was on notice of Mr. Piccone's shortcomings up to and including his failure to appear on January 30, 2008. Nevertheless, as of the April 8, 2008 telephone conference, Mr. Piccone was still the counsel of record in this matter. Plaintiff voluntarily chose Mr. Piccone to represent him in this action. Thus, while dismissal is an unfortunate result for plaintiff, it is not an unjust result. *See Link,* 370 U.S. at 633-34.

As to the consideration of lesser sanctions, this factor clearly weighs in favor of dismissal. As reflected in the record of this case, the Court has given plaintiff numerous opportunities to be heard in relation to his failure to follow court orders. Prior admonishments and warnings have been wholly ineffective. Indeed, the Court previously issued a civil contempt sanction against Mr. Piccone in the amount of $750.00 in order to induce his compliance with future orders. *See Nolan I,* 2008 WL 650387 at *3. As of the date of this Order, that sanction has not been paid. Moreover, as noted above, counsel has not complied with

*any* of the directives contained in *Nolan I.* As such, and based on the record in this case, the Court is convinced that lesser sanctions will have no impact on plaintiff's, or his counsel's, conduct or compliance with this court's orders.

As four of the five elements favor dismissal under Rule 41(b), the Court finds that dismissal is appropriate, and this case is accordingly dismissed with prejudice pursuant to Rule 41(b). While the Court is sympathetic to the personal issues encountered by plaintiffs counsel over the past few months, as alluded to by Mr. Piccone during the April 8, 2008 telephone conference, that fact does not alleviate Mr. Piccone's duties to the Court and his client. A simple letter to the Court explaining his plight could have resulted in the extension of deadlines, a short stay of the action, or other relief, including obtaining new counsel for plaintiff. Mr. Piccone has made no showing that he was unable to contact the Court during the time that he was preoccupied with personal matters. The Court recognizes that dismissal of this case with prejudice may have the result of denying plaintiff any relief that he might have obtained on his claims. However, plaintiff is responsible for his choice of counsel, and did not choose at any point, even after being advised of Mr. Piccone's failures, to replace him as counsel. *See Lastra v. Weil, Gotshal & Manges LLP,* No. 03 Civ. 8756(RJH) (RLE), 2005 WL 551996, at *4 (S.D.N.Y. Mar. 8, 2005) ("Claims by a litigant that he should be excused from his attorney's actions because of alleged fraudulent conduct and disobeyance of the litigant's orders may give rise to a claim for malpractice, but does not constitute an extraordinary circumstance or excusable neglect.")

### III. CONCLUSION

**\*6** For the foregoing reasons, this action is DISMISSED with prejudice pursuant to Rule 41(b). The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2008 WL 1758644, 70 Fed.R.Serv.3d 397

WESTLAW  © 2017 Thomson Reuters. No claim to original U.S. Government Works.    5

2014 WL 2533166
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

Dwayne JONES, Plaintiff,

v.

Dr. Amber HAWTHORNE, Doctor,
Upstate Correctional Facility, Defendant.

No. 9:12–CV–1745 (GTS/RFT).
|
Signed June 5, 2014.

**Attorneys and Law Firms**

Dwayne Jones, Malone, NY, pro se.

Hon. Eric T. Schneiderman, Attorney General for
the State of New York, Joshua E. Mcmahon, Esq.,
Assistant Attorney General, of Counsel, Albany, NY, for
Defendant.

### *DECISION and ORDER*

GLENN T. SUDDABY, District Judge.

**\*1** Currently before the Court, in this *pro se* prisoner
civil rights action filed by Dwayne Jones ("Plaintiff")
against the above-captioned New York State correctional
employee ("Defendant"), is United States Magistrate
Judge Randolph F. Treece's Report Recommendation
recommending that Plaintiff's Complaint be dismissed
pursuant to Fed.R.Civ.P. 41(b) for failure to prosecute the
action or comply with the procedural rules or orders of the
Court. (Dkt. No. 29.) Plaintiff has not filed an objection
to the Report Recommendation, and the deadline by
which to do so has expired. (*See generally* Docket
Sheet.) After carefully reviewing the relevant filings in this
action, the Court can find no clear error in the Report
Recommendation: Magistrate Judge Treece employed
the proper standards, accurately recited the facts, and
reasonably applied the law to those facts. As a result, the
Court accepts and adopts the ReportRecommendation
for the reasons stated therein. (Dkt. No. 29.)

**ACCORDINGLY,** it is

**ORDERED** that Magistrate Judge Treece's Report
Recommendation (Dkt. No. 29) is *ACCEPTED* and
*ADOPTED* in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is
*DISMISSED* without prejudice pursuant to Fed.R.Civ.P.
41(b).

### *REPORT–RECOMMENDATION and ORDER*

RANDOLPH F. TREECE, United States Magistrate
Judge.

Plaintiff Joseph Bloomfield commenced this action *pro se*
in November 2012, seeking relief, pursuant to 42 U.S.C.
§ 1983, for alleged violations of his constitutional rights.
Dkt. No. 1, Compl. At the time of the initiation of this
action, Plaintiff was in the custody of the New York State
Department of Corrections and Community Supervision
("DOCCS") and was incarcerated at Upstate Correctional
Facility.

On March 22, 2013, the Honorable Glenn T. Suddaby,
United States District Judge, conducted an initial
screening of Plaintiff's Complaint. Dkt. No. 12. After
directing dismissal of certain claims and Defendants,
Judge Suddaby directed service on the remaining
Defendant, Amber Hawthorne.   Dkt. No. 12. Within
that Decision and Order, Judge Suddaby advised Plaintiff
of his obligation to maintain an updated address with the
Court and opposing counsel. Specifically, Judge Suddaby
stated: "**Plaintiff is also required to promptly notify the
Clerk's Office and all parties or their counsel of any change
in his address; plaintiff's failure to do so will result in the
dismissal of this action.**" *Id.* at p. 23 (emphasis in original).

1    Plaintiff's request to proceed with this action *in
     forma pauperis* ("IFP ") was granted and the United
     States Marshal was directed to effectuate service on
     Plaintiff's behalf. Dkt. No. 12; *see also* 28 U.S.C. §
     1915.

On April 22, 2013, Defendant filed a Motion seeking
revocation of Plaintiff's *in forma pauperis* ("IFP"),
pursuant to 28 U.S.C. § 1915(g), for having allegedly
accumulated three or more "strikes" prior to initiating
this action.[2] Dkt. No. 18. On May 8, 2013, while still
in DOCCS's custody, Plaintiff filed his Opposition to
that Motion. Dkt. No. 23. Thereafter, on February 12,

2014, this Court issued a Decision and Order denying the Motion because Plaintiff had not accumulated three strikes prior to initiating this action; Defendant was directed to respond to the Complaint. [3] Dkt. No. 4. A copy of that Decision and Order was mailed to Plaintiff at his last known address as reflected on the Docket Report. However, on February 18, 2014, that Decision and Order was returned to the Court as undeliverable. Dkt. No. 25. In the meantime, Defendant complied with the Court's direction and filed her Answer, Dkt. No. 26, and a Mandatory Pretrial Discovery and Scheduling Order was issued, setting forth various deadlines for the progression of this action, Dkt. No. 27. A copy of that Order was likewise mailed to Plaintiff at his last known address and was, on March 10, 2014, similarly returned as undeliverable. Dkt. No. 28.

[2] In *lieu* of an answer, Defendant filed a Motion to Dismiss. Dkt. No. 18. However, because the relief sought was revocation of Plaintiff's IFP status, which is not dispositive in nature, the Clerk was directed to reflect that the Motion to Dismiss was, in actuality, a motion seeking revocation of IFP status. Dkt. No. 20. In rendering this Order, this Court further noted that this was a non dispositive issue to be decided by the undersigned directly and not upon referral from the District Judge. *Id.* We further stayed Defendant's time to respond to the Complaint pending a determination on the Motion. *Id.*

[3] As noted in that Decision and Order, one of the proposed strikes offered by Defendant was a dismissal of a *habeas corpus* petition. During the pendency of the Defendant's Motion, the Second Circuit issued its decision in *Jones v. Smith,* 720 F.3d 142, 147 (2d Cir.2013), putting to rest the conflict among the District Courts by ruling that dismissals of *habeas* petitions challenging a prisoner's conviction and duration of confinement do not constitute strikes for purposes of the Prison Litigation Reform Act. Dkt. No. 24 at p. 4 & n. 2.

**\*2** According to information publically available on the New York State DOCCS website, Plaintiff was released from DOCCS custody on July 26, 2013, after serving the maximum time of incarceration for his underlying state conviction. *See* N.Y. S. DOCCS Inmate Information website, *available at* http:// nysdoccslookup.doccs.ny .gov (information obtained for DIN# 11 A 1561). Since the time of such release, Plaintiff has not contacted this Court to advise of any change in his address.

In this District, all litigants have an ongoing obligation to keep their address information updated with both the Court and adversaries. N.D.N.Y.L.R. 10.1(c)(2) ("**All attorneys of record and *pro se* litigants must immediately notify the Court of any change of address.**" (emphasis in original)). A party's failure to provide such information is grounds for dismissal. N.D.N.Y.L.R. 41.2(b). As then-District Judge Pooler has observed:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany County Corr. Facility Staff,* 1996 WL 172699, at * 1 (N.D.N.Y. Apr. 10, 1996) (citations omitted).

Indeed, courts in the Northern District of New York have dismissed lawsuits brought by *pro se* plaintiffs for failure to provide a current address. *See Rivera v. Goord,* 1999 WL 33117155 (N.D.N.Y. Sept. 14, 1999); *Fenza v. Conklin,* 177 F.R.D. 126 (N.D.N.Y.1988); *Morgan v. Dardiz,* 177 F.R.D. 125 (N.D.N.Y.1998); *Williams v. Faulkner,* 1998 WL 278288 (N.D.N.Y. May 20, 1998); *Dansby v. Albany County Corr. Facility Staff,* 1996 WL 172699.

It appears that the last communication received from Plaintiff in this case was ten months ago when, on May 8, 2013, the Court received his Opposition to Defendant's Motion. Dkt. No. 23. Because the Defendant's Motion was fully briefed, we would not have expected any communication from Plaintiff during these ten months, except in certain circumstances such as providing the Court with an updated address. It is clear that in late-July

2013, Plaintiff's address changed, yet there is no indication that Plaintiff attempted to update his address with the Court. Such inaction constitute grounds for dismissal.

Furthermore, Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action, or to comply with the procedural rules or orders of the court. FED. R. CIV. P. 41(b); *see Link v. Wabash R.R. Co.,* 370 U.S. 626 (1962).[4] This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See Freeman v. Lundrigan,* 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996). The correctness of a dismissal pursuant to Rule 41(b) is determined in light of five factors: (1) whether plaintiff's failure to prosecute or to comply with the court's orders or procedural rules caused a delay of significant duration; (2) whether plaintiff was on notice that failure to prosecute or to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Lewis v. Rawson,* 564 F.3d 569, 576 (2d Cir.2009); *Lucas v. Miles,* 84 F.3d 532, 534 35 (2d Cir.1996). In making this test, "[n]o one factor is dispositive, and ultimately we must review the dismissal in light of the record as a whole." *United States ex rel. Drake v. Norden Sys., Inc.,* 375 F.3d 248, 254 (2d Cir.2004).

[4]     It is well settled that the term "these rules  in Rule 41(b) refers not only to the Federal Rules of Civil Procedure but also to the local rules of practice for a district court. *See Tylicki v. Ryan,* 244 F.R.D. 146, 147 (N.D.N.Y.2006).

**\*3** In this case, Plaintiff was released from DOCCS custody on July 26, 2013, over seven months ago, yet, we have never received an updated address, nor any alternative means by which to communicate with him. Plaintiff's failure to provide an updated address and make any inquiries as to this action evidences his apparent abandonment of this case and evinces an intent to not prosecute this action. The Court finds that this period of noncompliance with the requirement that he notify the Clerk's Office and Defendant of his current address weighs in favor of dismissal. Moreover, the Court finds that Plaintiff was afforded proper notice of his obligation to advise the Court and counsel of his address and

the consequences of his failure to comply. Any further warnings to Plaintiff would naturally fall on deaf ears as we have no way of contacting him.

The Court also finds that Defendant is likely to be prejudiced by further delay in the proceedings, which may well affect witnesses' memories, the ability to locate witnesses, and the preservation of evidence. A Scheduling Order was recently issued which directs the exchange of certain discovery amongst the parties. Yet, Defendant has no ability to comply with the Court's Order if she cannot communicate with Plaintiff. With regard to the fourth factor, under the circumstances, the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this case, and weighs in favor of the dismissal of this action.

Lastly, the Court has carefully considered sanctions less drastic than dismissal. Without the ability to communicate with Plaintiff, however, there is no meaningful way to procure his "reappearance" to actively prosecute this action. Moreover, simply waiting for him to comply with his obligations has not been, and is not likely to be, fruitful, since he has failed to do so for some months now. As a result, the Court finds that the fifth factor also weighs in favor of dismissal.

In sum, in light of the fact that Plaintiff cannot be located or communicated with at his address of record, and given his failure to comply with his obligation to advise the Court and counsel of any change in his address, we recommend that this action be dismissed. Nevertheless, in light of Plaintiff's *pro se* status, we recommend that the dismissal of this action be without prejudice.[5]

[5]     Unless the dismissal order states otherwise, a dismissal pursuant to Rule 41(b) "operates as an adjudication on the merits.  FED. R. CIV. P. 41(b).

**WHEREFORE,** it is hereby

**RECOMMENDED,** that this action be **dismissed without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure; and it is further

**ORDERED,** that the Clerk of the Court serve a copy of this Report  Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. ***FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.*** *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993) (citing *Small v. Sec'y*

*of Health and Human Servs .,* 892 F.2d 15 (2d Cir.1989)); *see also* 28 U.S.C. § 636(b) (1); FED. R. CIV. P. 72 & 6(a).

**\*4** Filed March 13, 2014.

**All Citations**

Not Reported in F.Supp.3d, 2014 WL 2533166

---

**End of Document**

© 2017 Thomson Reuters. No claim to original U.S. Government Works.